Oscar Murov, J.
On February 20, 1976, the defendant herein was permitted to withdraw a previously entered plea of not guilty to an indictment charging him with the offense burglary in the second degree and grand larceny in the third degree and to offer his plea of guilty to the misdemeanor criminal trespass in the second degree provided he testified against codefendants named with him in the indictment.
Before he gave his testimony defendant was once again arraigned upon an indictment charging him with the commission of two class A III felonies and two lesser grade felony drug offenses (Indictment No. 219-76). The court’s own record re *292 veals sentence upon the misdemeanor conviction was imposed on May 21, 1976, two months after his plea was accepted and some lesser period after he testified against his codefendant. Some time thereafter his bail status was revoked and the defendant indicted for bail jumping in the first degree (Indictment No. 1890-76) when he failed to appear in court for disposition of the drug offense.
He now alleges the People made no mention of the charges facing him at the time the plea was entered and that, had he known the plea would not put all his troubles to rest, he would not have entered the plea. It is the defendant’s contention the guilty plea was procured by misrepresentation and deceit upon the part of the police and/or the District Attorney’s office and that the People were under an obligation to inform the defendant of the pending matters.
Defendant now seeks the implementation of his unilateral understanding (that the misdeameanor plea operate to satisfy all charges pending against him at the time of the plea), and moves for the dismissal of the surviving charges in the interest of justice or, alternatively, that he be permitted to receive the same bargain with respect to these charges that he received upon the first indictment, that is, that the plea therein be extended to include Indictment No. 219-76.
Although the bail jumping offense was not pending at the time of the plea nor could it possibly have been within the contemplation of the parties at the time the plea was entered, the same relief is sought with respect thereto based upon the defendant’s argument that the bail jumping offense was derived from Indictment No. 219-76.
In People v Clayton (41 AD2d 204, 208), the Appellate Division, Second Department, has set forth the factors to be considered in dismissing a case in the interest of justice. These factors are: (a) the nature of the crime; (b) the available evidence of guilt; (c) the prior record of the defendant; (d) the punishment already suffered by the defendant; (e) the purpose and effect of further punishment; (f) any prejudice resulting by the passage of time; and (g) the impact upon the public interest of a dismissal of the indictment. The court further stated (p 208): "The sensitive balance between the individual and the State that must be maintained in applying the test of the interests of justice which CPL 210.40 contemplates moves in response to factors largely resting on value judgments of the court.”
*293 CPL 210.40 is "the current codification of earlier enactments which expressed the need for a residuum of inherent discretion to act in the unusual case that cries out for fundamental justice beyond the confines of conventional considerations”. (Judge Fuchsberg in his concurring opinion in People v Belge, 41 NY2d 60, 62-63.) The court’s discretion to dismiss, however, is not absolute and is to be exercised sparingly (People v Wingard, 33 NY2d 192, 196; People v Kwok Ming Chan, 45 AD2d 613, 615). A dismissal granted in the absence of such a "crying need” will likely be overturned as an abuse of discretion. (See, e.g., People v Belkota, 50 AD2d 118.)
In People v Kwok Ming Chan (supra) the defendant was seeking dismissal of the indictment upon the ground of violation of the constitutional and statutory right to a speedy trial. The trial court examined the record of adjournments and thereupon dismissed the indictment (p 615) "under Section 210.40 of the Criminal Procedure Law”. Upon review, the Appellate Division in the First Department initially observed that virtually all of the adjournments below were excludable, and that it would have amounted to reversible error to grant dismissal upon speedy trial grounds. Since dismissal was expressly granted under CPL 210.40, the court reversed that judgment stating (p 615): "CPL 210.40 is not a catch-all residuary clause authorizing dismissal as an exercise of absolute discretion.”
Here the application is denominated as a motion to dismiss in the interest of justice but the supporting affidavit challenges the validity of the plea.
If the plea was not knowingly and voluntarily entered, as defendant appears to contend, by reason of mutual mistake between the bargaining parties, or even if induced by means of misrepresentation, deceit, trickery or fraud on the part of a government representative, defendant’s proper remedy is to move to withdraw the plea. It should be noted, however, defendant was ably represented by counsel on all of these matters until after he was sentenced upon the misdemeanor conviction. Any misunderstanding there may have been could have been rectified before the defendant was fully committed since he was indicted upon these serious drug charges in March of 1976, the month preceding that during which he testified and two months prior to his being sentenced.
The court finds that defendant’s allegations fail to establish there has been a misrepresentation as a matter of law. He has *294 charged that the police must certainly have known there were other matters pending against him at the time the plea was entered, that the prosecution was accountable for such knowledge, and that the failure to disclose such information to the defendant amounted to misrepresentation, fraud, trickery, or deceit (citing People v Maynard, 80 Misc 2d 279).
Defendant’s reliance upon Maynard is misplaced. There the court said (p 285) "The fact that the prosecution may not have been aware of the information known by the police does not neutralize the constitutional aspects of suppression [of Brady material].” This view is a representative of a long line of cases treated in an annotation in 34 ALR3d 16, entitled "Withholding or Suppression of Evidence in Criminal Case As Vitiating Conviction” (see pp 74-77). It is worth noting the annotation also refers to decisions therein adopting a contrary point of view. If Maynard is to be considered at all, it must be limited in its application to the facts therein.
More on point, I think, is a decision coming out of the State of Maryland where a defendant sought to withdraw his guilty plea because, as here, he had subsequently been indicted on still other charges which were not connected with the matters involved in his guilty plea. The court made the factual finding that the prosecutor had no knowledge of any investigation concerning those other charges at the time of the negotiation. Under such circumstances, the court said, a prosecutor conducting a plea negotiation does not make an implied guarantee that the accused will not be prosecuted on other charges of which he had no knowledge (Edwards v State, 7 Md App 327).
The plea minutes reveal no promises were made to the defendant at any time. He was, nevertheless, sentenced to a term of probation. He has no cause to complain about the court’s fairness to him.
The application to dismiss the bail jumping charge has even less merit. What defendant actually proposes is a defense to this charge which should properly be raised on trial.
The court finds no factual issues herein respecting the criteria to be weighed upon a motion to dismiss pursuant to CPL 210.40. The record in fact reflects nothing resembling Clayton’s criteria. Therefore, based upon the record before the court, defendant’s motion to dismiss the indictments in the interests of justice is denied in all respects (CPL 210.45, subd 5, par [c]).
The alternative application for an order extending the prior *295 disposition to include these matters is likewise denied. Such relief becomes available where a plea has been induced by an unfulfilled promise. (See Santobello v New York, 404 US 257, 262; People v Selikoff, 35 NY2d 227, stay den 419 US 1086, cert den 419 US 1122.) The moving papers are barren of any sworn allegations to that effect.