■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GORDON G. HIRSCH, Appellant. — Judgment unanimously reversed and indictment dismissed. Memorandum: Defendant, joined by the District Attorney, moved to dismiss in the interest of justice (CPL 210.40) the indictment charging him with criminal sale of a controlled substance in the first degree (Penal Law, § 220.43, subd 1) and criminal sale of a controlled substance in the second degree (Penal Law, § 220.18, subd 1). The hearing on the motion revealed that defendant's role in the drug sale consisted largely of introducing a supplier to a seller; that this role was initiated by the seller, a friend who persisted at defendant's involvement although he resisted; that the sale was to an under-cover Deputy Sheriff, who immediately arrested defendant and the seller; that the drugs were seized and the buy money recovered; that, after his release on bail, defendant voluntarily assisted both State and Fedeal authorities with information about the transaction; that this was defendant's first involvement with drugs; that he had never been arrested before; that, while out on bail, he moved, with his family, to another State, where he completed his college education with honors and is employed as a newspaper reporter; and that, since his arrest, he has avoided further involvement with the law. The motion to dismiss the indictment was denied. A subsequent motion for dismissal on speedy trial grounds was also denied. Thereafter, pursuant to a bargaining agreement, defendant pleaded guilty to criminal possession of a controlled substance in the third degree (Penal Law, § 220.39, subd 1) and was placed on lifetime probation. CPL 210.40 (subd 1) provides for dismissal of an indictment where "such dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating" that prosecution of the defendant would constitute an injustice. While the question of whether to dismiss an indictment in the furtherance of justice is addressed to the discretion of the trial court, this discretion is not absolute; the issue on appeal is whether the court abused or improvidently exercised its discretionary authority (*People v Benevento,* 59 AD2d 1029; *People v Isaacson,* 56 AD2d 220, revd on other grounds 44 NY2d 511). Although the evidence of guilt is unquestioned, the factors revealed in the record, along with the support of the District Attorney, collectively indicate that this is one of those rare cases in which failure to dismiss would constitute an injustice (see *People v Clayton,* 41 AD2d 204; CPL 210.40, subd 1). The trial court's apparent concern over impropriety, in that a "secret understanding" existed between the District Attorney and defense counsel whereby the case would be held for one year, then dismissed, is unsupported by the record; the matter was presented to the Grand Jury despite the full co-operation of defendant so that the case would remain active while defendant demonstrated

he warranted the relief of dismissal. (Appeal from judgment of Erie County Court, La Mendola, J. — criminal sale controlled substance, third degree.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.