■ In the Matter of TAHERA K. WEINSTEIN, Petitioner, v ROBERT M. HAFT, Respondent. — Petition pursuant to CPLR article 78 in the nature of a writ of prohibition, seeking to prohibit respondent from executing or enforcing his order issued September 17, 1982 and in the nature of mandamus, seeking to compel respondent to render a decision on petitioner's pending motion to withdraw her plea of guilty and to dismiss the indictment against her in the interests of justice and for other related relief, is denied and the petition dismissed, without costs. On July 9, 1979, petitioner pleaded guilty to falsifying business records in the first degree in satisfaction of all the charges in the indictment. Sentencing was scheduled for October 9, 1979, but at that time she moved to withdraw her plea. Although the motion was subsequently denied, sentencing was postponed in order to permit petitioner to undergo medical treatment. On March 17, 1980, the court received a medical report prepared for Federal authorities to enable them to determine whether petitioner's health would be adversely affected should she appear in Federal court, where she was due to be sentenced as a parole violator. The report indicated that she was capable of attending a court session for the limited purpose of being sentenced. However, petitioner strongly resisted the Judge's attempt to impose sentence contending that she was physically disabled, and the matter was repeatedly adjourned. On February 27, 1981, the court directed that a hearing be held concerning her medical condition. Petitioner thereafter moved to withdraw her plea of guilty and dismiss the indictment in the interests of justice, arguing that her health problems precluded incarceration. Over the course of more than a year, and continuing until July of 1982, the court heard testimony on the subject of petitioner's state of health. Finally, on July 29, 1982, the Judge set September 17, 1982 as the date on which he would issue a decision with regard to petitioner's case. On September 17, 1982, the court adjourned the matter until September 16, 1983. The Judge, apparently believing that he needed additional medical information to decide the motion, ordered the petitioner to submit a full medical report by June 17, 1983, and the People were given until August 1, 1983 to respond or to retain their own physician to conduct a separate examination. Although petitioner requests that we grant her petition pursuant to CPLR article 78 and direct the court to render a decision on her pending motion and dismiss the indictment, there is no indication that she ever expressed to the Judge her dissatisfaction with his order of September 17, 1982 nor that she asked the court for an earlier ruling on her motion. She is certainly not pressing for an immediate sentence. In fact, she has done everything possible to delay, if not altogether prevent, sentencing. Under these circumstances, it would be inappropriate for this court to conclude that the Judge abused his discretion and to compel him to expedite proceedings which the petitioner has endeavored for years to prolong. Concur — Ross, J. P., Carro and Milonas, JJ.

Asch and Silverman, JJ., dissent in a memorandum by Silverman, J., as follows: I would grant an order in the nature of mandamus directing respondent to render his decision within 30 days on defendant's pending motion to dismiss the indictment, and if the motion is denied, to proceed promptly to sentence. Petitioner, defendant in the underlying case (hereinafter defendant

or petitioner), pleaded guilty on July 9, 1979 to the charge of falsifying business records in the first degree. The sentencing Judge, the respondent in this case, indicated that he would sentence defendant to a term of imprisonment of 1½ to 3 years, and set October 9, 1979 for sentencing. On that date defendant moved to withdraw her plea of guilty. That motion was denied on January 28, 1980. Thereafter hearings were held with respect to whether defendant's health would permit incarceration. On March 17, 1981 defendant moved to dismiss the indictment in the interest of justice, asserting that her health problems precluded imposition of sentence. That motion has not yet been decided. With great consideration for the defendant, the Trial Judge held hearings over a period of time with respect to defendant's health. On July 29, 1982 he declared the hearings closed and indicated that he would decide the case by September 17, 1982. Instead on September 17, 1982 the Trial Judge adjourned the case for one year to September 16, 1983. He directed, however, that on June 17, 1983 defendant should submit a full medical report relating to her *then* medical condition and that the People should have until August 1, 1983 to respond to that submission; that defendant should make herself available for any medical examination by the People; that the case be placed on the calendar for September 16, 1983 for a decision on the motion and/or for sentence. The present application under CPLR article 78 asks to have the order of September 17, 1982 vacated and to require the Trial Judge to render a decision on the pending motion of petitioner to withdraw her plea of guilty and to dismiss the indictment in the interest of justice on the basis of the record now before respondent. It is now three and one-half years since the plea of guilty and almost two years since the making of defendant's pending motion to dismiss the indictment. Great delay between conviction and sentence and in the decision of pending motions impairs the effectiveness of the criminal justice system and unduly delays justice both to the People and to the defendant. No doubt much of the delay is attributable to defendant and to the Trial Judge's consideration for her. Now, however, the defendant objects to the delay. While she is doubtless unenthusiastic about sentence, the order she asks to have vacated is one adjourning the case to the calendar of September 16, 1983 for "decision on the motion and/or for sentence." Her health has been a subject of inquiry and investigation for over three years. She wants the case decided on the present record. There is no reason to wait and see what her health will be at some distant future date. It is time the case was decided and a final judgment rendered.