## (January 26, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOAH MITCHELL, Appellant. — Appeal from a judgment of the County Court of Franklin County (Plumadore, J.), rendered August 6, 1981, upon a verdict convicting defendant of the crime of robbery in the second degree. On July 26, 1980, during a political dispute between two factions of the Mohawk Indians in northern New York, defendant was in a boat with three companions, all armed with rifles, and approached another boat on the St. Lawrence River. The occupants of the other boat were John Terrance and his son-in-law, Edward Porter, both supporters of the rival faction, who were fishing near Cornwall Island, which is located in the Dominion of Canada. Defendant is alleged to have apprehended the Terrance boat, threatened to put a bullet through the motor, and directed a cohort to seize a rifle belonging to Terrance. The rifle ultimately was thrown into the river and lost. Defendant was convicted of robbery in the second degree after a jury trial and sentenced to 60 days in jail and five years on probation.* Defendant's contention that the incident occurred in Canadian

---

* After the prosecutor moved to vacate this sentence on the ground that an indeterminate sentence of imprisonment was mandated (Penal Law, § 60.05, subd 4; § 70.02, subd 2), this court, by order entered August 21, 1981, granted a stay of execution

610

waters became an issue for resolution by the jury. The evidence was conflicting as to whether it occurred in the shipping channel between two buoys or at a point 350 feet from Cornwall Island, the former being United States waters and the latter Canadian. The jury determination should not lightly be overturned on appeal (see *People v Rodriguez,* 72 AD2d 571). On this record, we are unable to hold as a matter of law that the prosecution failed to prove jurisdiction beyond a reasonable doubt (see *People v Banks,* 77 AD2d 742, 743; *People v Jones,* 58 AD2d 696). We further reject defendant's argument that the proof was insufficient to prove guilt beyond a reasonable doubt. The use or immediate threat of use of physical force (Penal Law, § 160.00, subd 1; *People v Banks,* 55 AD2d 795) against the person, not his property (Penal Law, § 160.00), was proven by defendant's actions. With one exception, defendant's remaining contentions of error are without merit. Defendant urges that, in any event, the conviction should be reversed in the interest of justice. His pretrial motion to dismiss on that ground (CPL 210.20, 210.40) was denied without prejudice to renewal after trial. The trial court's discretion on such a motion is broad, but not absolute, and the issue on appeal becomes whether the trial court abused its authority (*People v Hirsch,* 85 AD2d 902). At sentencing, the court noted several potential deficiencies in the proof as to whether the incident occurred within the State of New York and whether a larcenous intent was demonstrated. The court acknowledged that this was not the usual street crime and emphasized mitigating circumstances surrounded the incident. We agree. During this period, supporters of the St. Regis Tribal Council (the "elective" system) set up an armed blockade against supporters of the Longhouse Council of Chiefs (the "traditional" system) (see *People v Boots,* 106 Misc 2d 522, 527-530 for a historical analysis). It appears that gun shots had been fired onto reservation land held by the traditional Mohawks. The New York State Police were called to intervene. Defendant was a supporter of the "traditional" system, while Terrance favored the "elective" system. Viewing the matter in context, the trial court pragmatically observed that defendant may well have acted under apprehension that "the .22 rifle in question may have been used or could have been used on either him or on a third party". This is precisely the theory espoused by defense counsel, i.e., that defendant ordered the weapon taken merely for purposes of unloading it. The record confirms that the rifle was withheld for only a short period of time and there is nothing to establish whether the rifle was deliberately or accidentally thrown in the river. Moreover, the trial court noted that defendant's role was a relatively minor one; he did not actually seize the rifle, nor did he dispose of it. It is quite evident that the trial court was influenced by each of these factors, as confirmed by the imposition of a split sentence, later recognized to be illegal (Penal Law, §§ 60.05, 70.02). Even assuming that the trial court did not abuse its discretion in refusing to dismiss the indictment, this court is authorized by statute to reverse or modify a judgment of conviction "[a]s a matter of discretion in the interest of justice" (CPL 470.15, subd 3, par [c]). In our view, the factors revealed in the present record collectively indicate that this is one of those rare cases where it would be inappropriate to sustain the conviction, particularly in view of the attendant sentencing consequences (see *People v Kidd,* 76 AD2d 665, 667, lv to app dsmd 51 NY2d 882). At the very minimum, defendant would be required to serve an indeterminate term of imprisonment of one and one-half to four and one-half years (Penal Law, § 70.02, subd 3, par [b]; subd 4), a result clearly not anticipated by the trial court. To be emphasized is that no physical harm was occasioned to any individual, nor was any direct evidence of a personal threat presented. The political conflict attending

of sentence. On September 30, 1981, the trial court vacated the sentence imposed pending the outcome of the present appeal.

the event has apparently subsided and representatives of both factions have urged leniency. Although we do not condone defendant's behavior, we cannot ignore the underlying historical and political overtones. In our view, on balancing the interests of this defendant with those of society, the appropriate remedy is to reverse the conviction in the interest of justice and dismiss the indictment (*People v Davis,* 94 AD2d 610; *People v Hirsch,* 85 AD2d 902; *People v Kidd, supra; People v Ramos,* 33 AD2d 344). Judgment reversed, as a matter of discretion in the interest of justice, and the indictment dismissed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.