OPINION OF THE COURT
Memorandum.
The order of the Appellate Term should be reversed and the matter remitted for consideration of the facts and the exercise of discretion (CPL 470.40 [2] [b]). Inasmuch as the order of the Appellate Term did not include a statement of whether the facts underlying the Criminal Court’s judgment were considered and determined to be established, we presume that the court did not consider or make any determination with respect to the facts (CPL 470.25 [2] [d]).
It was error for the Appellate Term to treat this matter as a calendar control dismissal within the prohibition of People v Douglass (60 NY2d 194) as a matter of law. On the People’s appeal to it, the Appellate Term should have looked at all of the attendant circumstances in determining whether the Trial Judge improvidently exercised his discretion and whether it should substitute its discretion for that of Criminal Court (People v Rickert, 58 NY2d 122).
While in reviewing the record the conclusion could be reached that the Trial Judge impermissibly dismissed the information for failure to prosecute or as a method of calendar control (People v Douglass, 60 NY2d 194, supra), it is equally apparent that facts supporting the sua sponte dismissal in the interest of justice were before the Trial Judge (CPL 170.40 [1]; People v Wingard, 33 NY2d 192). If the Trial Judge considered the factors listed in CPL 170.40 (1), then it would not be an abuse of discretion to affirm the dismissal, even though each of the factors was not enumerated on the record (People v Rickert, 58 NY2d 122, supra).
*682 Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed and case remitted to the Appellate Term, First Department, for further proceedings in accordance with the memorandum herein.