*648 OPINION OF THE COURT
Memorandum.
Order unanimously reversed, accusatory instruments reinstated, and matter remanded to the court below for further proceedings.
The defendant was charged in separate simplified traffic informations with driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), failing to use a turn signal (Vehicle and Traffic Law § 1163 [a]), and consuming alcoholic beverages in a moving vehicle (Vehicle and Traffic Law § 1227 [1]). Upon the defendant’s motion, the court dismissed the accusatory instruments in the furtherance of justice pursuant to CPL 170.40. For the reasons stated herein, the order is reversed, and the accusatory instruments reinstated.
While the decision to dismiss an accusatory instrument pursuant to CPL 170.40 lies within the discretion of the Trial Judge (see, People v Wingard, 33 NY2d 192, 196), the prosecutor’s failure to proceed in a timely manner with the probable cause and suppression hearing due to a scheduling conflict with a separate bench trial which has been verbally calendared on the same date and time does not, in our view, constitute a compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would result in injustice (see, CPL 170.40). Although the prosecutor was remiss in failing to detect that he had been scheduled to appear for both a bench trial and a hearing at the same time and place, the nature of the error was not of such magnitude as to warrant dismissal as a matter of judicial discretion, particularly since the scheduling conflict was attributable, at least in part, to the apparent lack of coordination in court scheduling practices. Under the circumstances, and upon review of the record, there is also no basis to conclude, as the defendant urges, that the prosecutor’s inability to proceed with the hearing was inconsistent with an intention to diligently prosecute the matter. We note, that the failure to prosecute or calendar control, do not, in and of themselves, constitute permissible grounds for dismissal (People v Douglass, 60 NY2d 194). Furthermore, in determining whether dismissal in the interest of justice is warranted, CPL 170.40 (1) requires that the court examine and consider to the extent possible, "individually and collectively”, a broad range of factors set forth in paragraphs (a) through (j), including the seriousness of the offense, the purpose and effect of imposing *649 sentence, the impact of dismissal on the safety or welfare of the community and upon the confidence of the public in the criminal justice system (CPL 170.40 [1] [a], [f], [g], [h]), factors of particular relevance to the instant case. While the court need not provide a "catechistic on-the record discussion of items (a) through (j)” (People v Rickert, 58 NY2d 122, 128), here, there is no indication that the court, in exercising its discretion, took into account any of the statutory criteria entitled to consideration, and upon our examination of the record, we find that there are no factors the court below could have relied upon which would warrant dismissal in the interest of justice (see, People v Henriquez, 68 NY2d 679). In view of the foregoing, dismissal of the accusatory instruments constituted an improvident exercise of the court’s discretion.
DiPaola, P. J., Collins and Ingkassia, JJ., concur.