(November 16, 1993)

■ The People of the State of New York, Appellant, v Herman L., Respondent. [603 NYS2d 311] —Order of the Supreme Court, New York County (Jerome Marks, J.), entered on July 31, 1991, which granted defendant's motion to dismiss indictments numbered 12680/89 and 13696/89 in the interest of justice, is affirmed.

The defendant, Herman L., is a homeless and impoverished man with a history of drug addiction who in February of 1989 discovered that he had become infected with HIV. In October of the same year the defendant on two occasions allegedly sold relatively small quantities of narcotics to under-

cover police officers. He was arrested and indicted for drug related offenses but remained at liberty pending the disposition of the charges; he was, therefore, able to, and did, continue his participation in a clinical trial study for HIV-infected individuals being conducted at the AIDS Clinical Trials Unit at St. Luke's Roosevelt Hospital, and in July 1990 enrolled in a methadone treatment program. The interval during which the indictments against the defendant remained outstanding was lengthy; for twenty-one months he made regularly scheduled court appearances at which times his condition was closely observed by Judge Marks, the Judge assigned to his case. It is undisputed that during this interval the defendant committed no additional offenses.

In July of 1991 the charges against the defendant were dismissed in the interest of justice. At the time the dismissal was announced, the court noted that the defendant's physical condition had progressively deteriorated during the pendency of the prosecution to the point that the defendant had become "as thin as a rail" and could hardly stand. It was the court's view that the defendant's extreme frailty and apparently bleak prognosis in combination with the circumstance that his alleged criminality had evidently been actuated simply by the need to feed his addiction rather than the very much more sinister wish to reap an economic windfall from the suffering of others, warranted the dismissal of the indictments. The court noted also that the defendant had had no other significant criminal involvement and had served his country in the Air Force, from which he had been honorably discharged, having attained the rank of sergeant and completed a two year tour of duty in Vietnam in the early 1970s.

The People have now appealed the dismissal, claiming that the court's conclusions as to the seriousness of the defendant's condition were inappropriate in the absence of medical evidence establishing that the defendant was in the final stages of full-blown AIDS. Such evidence not having been placed before the court, the People apparently feel free to suggest that the defendant might possess the constitution of a super athlete. The People also contend that the dismissal "trivializes" the offenses with which the defendant was charged and will diminish community safety and public confidence in the criminal justice system.

While the defendant might have made a more complete showing as to the gravity of his condition, we believe that the reality of the situation was sufficiently obvious to justify the motion court's exercise of discretion in dismissing the indict-

ments. It was, of course, undisputed that the defendant had tested HIV-positive in February 1989 and that he had, as of that time, been infected with HIV for a period of unknown duration. It was also undisputed that during the twenty-one month period beginning in October 1989 that the defendant appeared before Judge Marks his condition obviously and progressively worsened until he was, as Judge Marks noted, "thin as a rail" and could barely stand on his feet. There is no reason to suppose that there is anything contrived about Judge Marks' observations of the defendant. Nor do we think, given the very evident tenuousness of the defendant's condition, Judge Marks exceeded his fact-finding powers by inferring that the defendant was no longer merely HIV-positive but was actively suffering from AIDS. While it is true, as the People point out, that HIV-infected persons may lead relatively normal and productive lives for years prior to the nearly inevitable onset of AIDS, it is only by completely disregarding Judge Marks' account of the defendant, that it is possible to suggest, as the People do, that the defendant still enjoyed any significant prospect of relative good health. Indeed, the suggestion actually made by the People, that the defendant might enjoy health as robust as that of Magic Johnson fresh from his Olympic triumph and contemplating a return to professional basketball notwithstanding his HIV-positive status, displays a none too firm grasp of the relevant and sufficiently demonstrated reality, which is not that of a super athlete as yet undiminished by a still incipient although ultimately fatal illness, but rather that of an obviously very sick man in precipitous and, to all appearances, terminal decline.

Similarly unfettered by the realities of this case, are the People's rather remarkable claims to the effect that public safety and confidence in the criminal justice system will somehow be dealt most serious and crippling blows if Herman L. is not prosecuted. The facts, of course, when dispassionately considered do not permit such conclusions. It is clear that if the defendant committed crimes, he did so simply to supply himself with the drugs which, as an addict, he craved. As the defendant's addiction is now being treated and he is no longer the subject of its imperatives, there is little reason to suppose that he will pose any danger to the community. Indeed, in the nearly three and one-half years since the defendant's alleged commission of the offenses for which he was indicted, he has remained free of any criminal involvement, and, as noted, there is no evidence of such involvement

prior to what, if proved, could not be viewed as anything but isolated transgressions in an otherwise law-abiding life.

Obviously, in these circumstances, the court's decision to dismiss the indictments did not "trivialize" the offenses for which the defendant would otherwise have been tried. The illegal sale of narcotics is a most serious offense. But surely it does not detract from the gravity of an offense or evince any failure of purpose among those charged with the law's enforcement, to realize that there may arise extraordinary circumstances in which the prosecution of an offense would be best forborne. For justice is not so simple a concept as to be vindicated in all cases by prosecution and its consequences; there are times when the ordinary processes by which justice is dispensed must be laid aside if justice is to be done. Indeed, justice in its truest aspect neither trivializes the offense nor the situation of the alleged offender. This, it would seem to us, is such a time, for the prosecution of Herman L. while accomplishing little if anything to promote in any real way either public safety or the rule of law, will predictably succeed only in blighting what remains of Mr. L.'s drastically abbreviated existence. Such a pointlessly harsh result is, we think, precisely what the discretion afforded pursuant to CPL 210.40 was designed to avoid. Accordingly, we are of the view that the dismissal of the subject indictments was indeed "in the interest of justice" and ought to be affirmed.

Our affirmance of the motion court's exercise of discretion under the unique circumstances here presented does not, of course, signal any departure from the rule that discretion in this area is to be sparingly exercised. Nor do we disagree with the dissent that when medical reasons are advanced in support of a dismissal it is generally desirable that the defendant's condition be well-documented. Obviously, nothing which has been said should be construed as indicating that it would have been an abuse of discretion for the motion court to have required additional documentation of the defendant's condition in advance of issuing its ruling (see, Matter of Weinstein v Haft, 93 AD2d 786, affd 60 NY2d 625), but neither was it an abuse of discretion for the court in this case to have exercised its discretion as it did on the basis of the considerable information it already had. Concur—Murphy, P. J., Rosenberger and Asch, JJ.

Kassal and Rubin, JJ., dissent in a memorandum by Rubin, J., as follows: On the afternoon of October 16, 1989, an undercover police officer purchased from defendant three glassine envelopes stamped "Get Paid", a brand of heroin. Defendant was arrested soon afterward, and seven glassine envelopes in addition to $10 in prerecorded buy money were recovered from his person. On October 30, 1989, defendant made a similar sale of "Get Paid" to an undercover police officer and was once again arrested.

Defendant was indicted in connection with both sales and moved to dismiss the indictments in the interest of justice, asserting that he is infected with the HIV virus. Although no medical record has ever been supplied to establish that defendant is seriously disabled due to his condition, that he is suffering from active AIDS symptoms, or even that he is afflicted with AIDS-related syndrome, Supreme Court granted defendant's motion, relying on its own observation of defendant's "gradually * * * deteriorat[ing] * * * physical condition."

*Matter of Weinstein v Haft* (93 AD2d 786, *affd* 60 NY2d 625) demonstrates the reluctance of courts to impose incarceration where it might be precluded by a defendant's health problems. In *Weinstein,* sentencing was postponed for a period of several years while petitioner underwent treatment. The Court of Appeals ruled that it was not an abuse of discretion to postpone disposition of the petitioner's motion to dismiss in the interest of justice in order to obtain further medical evidence of her physical condition.

There is no dispute that AIDS is a serious condition which can serve as the basis for dismissal of criminal charges in the interest of justice. "The court's discretion to dismiss, however, is not absolute and is to be exercised sparingly" *(People v Walsh,* 90 Misc 2d 291, 293). Dismissal of an indictment in the absence of some "compelling factor" (CPL 210.40 [1]) warrants reversal as an abuse of discretion *(People v Field,* 161 AD2d 660). Moreover, infection with the AIDS virus, without further compelling circumstances, is not generally regarded as a sufficient basis for relieving a defendant of a jail sentence *(People v Howard,* 164 AD2d 895, 896-897, *lv denied* 76 NY2d 940; *People v Chrzanowski,* 147 AD2d 652, 653, *lv denied* 74 NY2d 662; *People v Brandow,* 139 AD2d 819, *lv denied* 72 NY2d 856).

The issue on this appeal is not the propriety of dismissal of an indictment in the interest of justice where a defendant is

suffering from serious complications resulting from HIV infection. The question is the proof, if any, which must be presented to support the grant of such relief. In marked contrast to *Matter of Weinstein v Haft (supra)*, the record in this case is devoid of medical evidence to support the disposition. Supreme Court should not be permitted to substitute its own lay observations for those of trained medical professionals. At the very least, a report from a physician should be required to establish defendant's infection with the HIV virus and the extent to which the condition has progressed.

Accordingly, the appeal should be held in abeyance and the matter remanded to Supreme Court for receipt of medical evidence to support dismissal of the indictment.