OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Two indictments were handed up against defendant charging him with two counts of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree based on charges he sold a small quantity of heroin on two occasions in October 1989 to undercover police officers. Following a series of court appearances on these charges, defendant moved in May of 1991 to dismiss the indictments in the interest of justice pursuant to CPL 210.40 (1) citing,
 
 inter alla,
 
 his HIV infection; his voluntary participation in an AIDS research treatment program as well as in a drug treatment program; his lack of a prior criminal record; that this criminal activity was engaged in only to support his own addiction; and that he had not been rearrested since the charged conduct. Defendant did not submit any medical documentation of his medical condition or prognosis. The People opposed the motion, contending defendant had failed to show compelling circumstances justifying dismissal.
 

 The trial court granted the motion and dismissed the indictments, after carefully reviewing in a written decision all of the criteria listed in CPL 210.40 (1) and finding several of them applicable and compelling. Among the factors considered and relied upon was defendant’s physical condition
 
 (see,
 
 CPL 210.40 [1] [d]), based upon the court’s own observations that defendant had physically deteriorated from one adjournment to the next, to the point where he could hardly stand. On the People’s appeal, their primary contention was that it was improper for the trial court to grant a dismissal of the indictments based in part on its own observations of defendant’s deteriorating health, in the absence of medical documentation. A divided Appellate Division affirmed (198 AD2d 71). A dissenting Justice granted the People leave to appeal to this Court, and we now affirm.
 

 This Court’s review of an order pursuant to CPL 210.40 (1) dismissing indictments in the interest of justice is limited to the question of whether the dismissal was an abuse of discre
 
 *960
 
 tian as a matter of law
 
 (see, People v Rickert,
 
 58 NY2d 122, 128;
 
 People v Belge,
 
 41 NY2d 60, 62). On our limited review, we conclude that while the motion court would have been entitled to exercise its discretion to hold a hearing and require submission of additional documentation regarding defendant’s medical condition and prognosis, it was not an abuse of discretion as a matter of law on these facts to grant the motion in the absence of such evidence
 
 (see, Matter of Weinstein v Haft,
 
 60 NY2d 625,
 
 affg
 
 93 AD2d 786). The motion was not premised or granted solely upon defendant’s medical condition. Also, the court did not engage in mere speculation concerning defendant’s illness in granting the motion, instead relying on the considerable information it possessed to guide its discretion, including the undisputed fact that defendant was HIV infected and his documented participation in an AIDS research treatment program, as well as its observations of defendant’s physical deterioration. Thus, we decline to impose any absolute rule that an interest of justice dismissal of an indictment based in part on a defendant’s medical condition must always be supported by expert medical evidence or documentation. There being no support for the claim that the dismissal in this case was an abuse of discretion, the order of the Appellate Division must be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.40), order affirmed in a memorandum.