OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Based on charges that she sold methadone to an undercover police officer, defendant was indicted for fourth degree criminal sale of a controlled substance and fifth degree criminal possession of a controlled substance. Defendant moved to dismiss the indictment in the interest of justice pursuant to CPL 210.40 (1). In support of this motion, the 39-year-old defendant established that she had an I.Q. of 64, was "mildly retarded,” had a metal plate in her head as the result of being thrown from a fifth-floor fire escape as a child and had been diagnosed with organic brain damage. She was illiterate, could not count past 39 and did not know the number of days in a week or more than one past President of the United States. At no point was a competency determination made in this case
 
 (compare, People v Schaffer, 86
 
 NY2d 460 [decided today]). At the time of her arrest, defendant was on probation due to a prior drug sale conviction, and as a result of her violation of probation she served one year in prison.
 

 
 *863
 
 The People urged in opposition to defendant’s CPL 210.40 motion that she had failed to show compelling circumstances warranting dismissal of the charges. The trial court granted defendant’s motion, weighing the statutory factors enumerated in CPL 210.40 (1) in a written decision. In particular, the court acknowledged the seriousness and circumstances of the offense, the strong evidence of guilt, and the absence of misconduct by law enforcement
 
 (see,
 
 CPL 210.40 [1] [a], [c], [e]). It found that, notwithstanding the general harm to society resulting from the drug trade, no specific additional harm ensued from defendant’s sale of methadone to the undercover officer
 
 (see,
 
 CPL 210.40 [1] [b]). Stressing defendant’s personal history, the court concluded that further incarceration would serve no useful purpose. Finally, the court determined that defendant’s release would not endanger society, noting that defendant would still remain under supervision pursuant to her violation of probation
 
 (see,
 
 CPL 210.40 [1] [d], [f], [g], [h]). The Appellate Division affirmed the dismissal, and a dissenting Justice granted the People leave to appeal to this Court (209 AD2d 254).
 

 This Court’s review of a dismissal of an indictment pursuant to CPL 210.40 (1) is limited to the question whether the dismissal was an abuse of discretion as a matter of law
 
 (People v Herman L.,
 
 83 NY2d 958, 959-960;
 
 People v Rickert, 58
 
 NY2d 122, 128). The trial court here expressly considered the factors set forth in CPL 210.40 (1). Moreover, inasmuch as defendant’s mental retardation was relevant to "the history, character and condition of the defendant”
 
 (see,
 
 CPL 210.40 [1] [d]), it was not improper for the trial court to deem this a factor among others supporting dismissal. The court did not summarily dismiss the indictment because defendant was mentally retarded, but rather weighed the various statutory criteria. In these circumstances, the court did not abuse its discretion as a matter of law in dismissing the indictment
 
 (People v Henriquez,
 
 68 NY2d 679, 681).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacos a, Smith, Levine and Ciparick concur.
 

 Order affirmed in a memorandum.