■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDA M. STRANAHAN, Appellant. [656 NYS2d 1012] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of conspiracy in the second degree, a class B felony, arising from charges that defendant hired a person to kill her husband so that she could collect the proceeds of his life insurance policy. The person hired by defendant was an undercover State Police investigator, who testified against her at trial. Tapes of incriminating conversations between defendant and the investigator were also admitted. The jury was instructed on the defense of duress, but County Court denied defendant's request to charge the defense of entrapment. Defendant was sentenced as a second felony offender to an indeterminate term of incarceration of 4¹/₂ to 9 years.

The court did not abuse its discretion in denying defendant's motion to dismiss the indictment in the interest of justice (see, CPL 210.40). Defendant failed to identify compelling factors demonstrating that the prosecution of her would constitute or result in injustice (see, People v Insignares, 109 AD2d 221, 233-234, lv denied 65 NY2d 928).

The court properly denied defendant's request to charge the defense of entrapment. The evidence, when viewed in the light most favorable to defendant, fails reasonably and sufficiently to support that defense (see, People v Brown, 82 NY2d 869, 870-871). The verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495).

By failing to raise the issue before the trial court, defendant failed to preserve for our review her present challenge to the constitutionality of the second felony offender statute on separation of powers grounds (see, People v Peale, 122 AD2d 353; CPL 470.05 [2]). We decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]). The sentence of incarceration of 4¹/₂ to 9 years, which is the statutory minimum, is not cruel or unusual punishment in the constitutional sense, and this is not one of those rare cases where imposition of a legal sentence is constitutionally prohibited (see, People v Clark, 176 AD2d 1206, 1207, lv denied 79 NY2d 854). (Appeal from Judgment of Erie County Court, McCarthy, J.—Conspiracy, 2nd Degree.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.