■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD WHITFIELD, Appellant. [697 NYS2d 214] —Judgment unanimously affirmed. Memorandum: Defendant failed to establish any impairment of his defense caused by the delay in

prosecuting the case and thus has failed to establish the violation of his constitutional right to a speedy trial (*see, People v Taranovich,* 37 NY2d 442, 444-445). We further conclude that the People were ready for trial within six months of the commencement of the action, and thus defendant was not denied his statutory right to a speedy trial under CPL 30.30 (1) (a). The delay attributable to the People's difficulty in securing the presence of a confidential informant for trial did not exceed the six-month limitation, and the remainder of the delay was attributable to defendant's pretrial motions, the unavailability of defense counsel and court scheduling.

County Court properly denied defendant's postverdict motion to vacate the judgment based on the affidavit of a juror that she was unable to deliberate because she suffered a panic attack. A juror may not impeach his verdict unless it is alleged to be the product of an improper influence (*see, People v Brown,* 48 NY2d 388, 393). Allegations that a juror became ill in the deliberation room are insufficient (*see, People v Washington,* 158 AD2d 980).

Contrary to defendant's contention, the Trial Judge properly refused to recuse himself. "The fact that the Judge had been the District Attorney when defendant was prosecuted on prior unrelated criminal matters does not, without more, require recusal" (*People v Rosato,* 193 AD2d 1052, 1053, *lv denied* 84 NY2d 910). We conclude that the procedures used to determine the validity of the search warrant were sufficient; the court's "independent review of the facts presented is all that is required" (*People v Diaz,* 147 AD2d 912, *lv denied* 73 NY2d 1014, citing *People v Fino,* 14 NY2d 160, 163). The informant's statement and identity did not have to be disclosed to defendant (*see, People v Peterson,* 159 AD2d 983, *lv denied* 76 NY2d 794). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Ontario County Court, Harvey, J.— Criminal Sale Controlled Substance, 3rd Degree.) Present— Green, J. P., Pine, Wisner, Callahan and Balio, JJ.