OPINION OF THE COURT
Yvonne Lewis, J.
Mr. Roy Douglas, by his attorney, Lynda Augente, Esq., has *419 moved this court, pursuant to CPL 210.40, for dismissal of this indictment in the interest of justice or for a hearing to determine the merits of said request.
Mr. Douglas is charged with bail jumping in the second degree, a class E felony, which stems from a robbery indictment that has been dismissed by this court (and now only retains misdemeanor drug charges). That dismissal was predicated on the prosecution’s failure to have properly and accurately advised the Grand Jury of the pertinent law which resulted in Mr. Douglas having been indicted for stealing his own property. Although the prosecution was given an opportunity to re-present the case, it opted not to do so. This was an obvious and expected outcome given that the complainant’s (the defendant’s grandmother’s) Grand Jury testimony clearly vested “legal” ownership of the alleged “stolen property” in the defendant.
This court has now learned that at the time of that Grand Jury presentment, the prosecution, in addition to not having properly charged the Grand Jury on the relevant law, had been in possession of an exculpatory statement which corroborated the defendant’s “factual” ownership of the subject property. As this court ruled in the underlying indictment, “the prosecution’s discretion during grand jury proceedings is not absolute. Consequently, as legal advisor to the grand jury, it is incumbent on the prosecution not only to secure indictments, but also to see that justice is done. Hence, the prosecution, for example, where necessary and appropriate, must instruct the grand jurors as to an exculpatory defense (See Peo. v. Huston, 88 NY2d 400; Peo. v. Brunson, 226 AD2d 1093).”
Ordinarily, the ends of justice are met by simply precluding an offending party from garnering any benefit from his or her improper conduct. The dilemma in the instant case is that both sides appear to have been equally culpable of wrongdoing — the defendant, for having failed to return to court when he should have; the prosecution, for having manipulated a Grand Jury into erroneously indicting Mr. Douglas for a “non crime” in the first instance. On closer examination, however, it appears that this 30-year-old defendant, who has no prior criminal conviction, acted out of a mistaken notion that his grandmother’s decision to drop all charges against him was an indication that the prosecution would accede to her wishes and not pursue the matter. On the other hand, the prosecution has failed to assert any reasonable explanation for its misfeasance in the first *420 indictment. In addition, its motivation in bringing on this indictment appears quite suspect given that its complainant in the underlying matter was unwilling, that there had been no actual theft, and that it was not until Mr. Douglas was in the custody of another jurisdiction, well over a year after issuance of the warrant in question, that the prosecution opted to indict him for bail jumping.
Hence, even though a person’s acquittal on the underlying charges on which bail was originally granted will not ordinarily defeat a bail-jumping indictment (see, People v Eiffel, 81 NY2d 480; People v Holcombe, 89 AD2d 644), this court finds that the same should not hold true where the underlying indictment was the product of the prosecution’s “purposeful misconduct and/or inexcusable ignorance,” as in this case, and should never have been pursued.
More importantly, this court finds that compelling factors and circumstances exist in this case that clearly demonstrate that continued prosecution would not accomplish justice, namely, that Mr. Douglas has no prior criminal conviction; that his criminal activity and subsequent out-of-State arrest were the product of his own drug addiction; that no specific harm (save for the general harm to society resulting from drug usage) ensued from any of Mr. Douglas’ actions; and that he had never engaged in violent behavior (even according to his grandmother, the complainant in the underlying case who sustained no physical injury), and therefore poses no public threat. In addition, this court finds that the latent and seemingly “retaliatory” motivation fueling this indictment, coupled with the prosecution’s prior blatant disregard of fundamental law which resulted in an unwarranted indictment was particularly offensive and repugnant to the fair administration of law. Furthermore, this court finds that Mr. Douglas’ incarceration since August of this year constitutes sufficient punishment for his prior nonappearance, and sees no useful and/or justifiable purpose in the defendant’s further prosecution for bail jumping under the circumstances of this case. Lastly, any genuine concerns as to Mr. Douglas’ drug addiction and/or need, if any, for supervision can be appropriately addressed in the context of the misdemeanor drug charges remaining in the dismissed robbery indictment (compare, People v Colon, 86 NY2d 861; People v Herman L., 83 NY2d 958). This indictment, pursuant to CPL 210.40, is therefore dismissed in the interest of justice.