FOURTH DEPARTMENT, JUNE, 2001

(June 8, 2001)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROGER SCOTT, Respondent. [728 NYS2d 600] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Onondaga County Court for further proceed-

ings on indictment. Memorandum: We agree with the People that County Court erred in granting defendant's motion to dismiss the indictment on the ground that defendant was denied his constitutional right to a speedy trial and further erred in *sua sponte* dismissing the indictment in furtherance of justice pursuant to CPL 210.40 (1). Contrary to the contention of defendant, he was not denied his constitutional right to a speedy trial. Evidence of perjury is often difficult to acquire (*see, People v Phillips*, 14 Misc 2d 565, 568; *People v Reed*, 66 Misc 425), and, in this instance, the People promptly sought an indictment upon obtaining the documentary evidence to support the perjury and related charges. We disagree with the court's determination that the People failed to prosecute defendant vigorously. The People's inability to obtain essential documentary evidence constituted a reasonable excuse for the delay in prosecution. Although the 45-month delay from the date of the alleged perjury to the date of the indictment is lengthy, defendant was not incarcerated with respect to the charges and has not demonstrated that his defense has been impaired by reason of the delay (*see, People v Jones*, 267 AD2d 250, *lv denied* 94 NY2d 949; *People v Whitfield*, 265 AD2d 894, *lv denied* 94 NY2d 868). Under the circumstances, we conclude that defendant was not denied his constitutional right to a speedy trial (*see, People v Tomaino*, 248 AD2d 944, 944-945; *see generally, People v Taranovich*, 37 NY2d 442, 445).

We further conclude that the court abused its discretion in dismissing the indictment in furtherance of justice. "The trial court's discretion to dismiss in the interest of justice, should be 'exercised sparingly' and only in that 'rare' and 'unusual' case where it 'cries out for fundamental justice beyond the confines of conventional considerations' " (*People v Insignares*, 109 AD2d 221, 234, *lv denied* 65 NY2d 928; *see, People v Wright*, 278 AD2d 820; *People v Oster*, 258 AD2d 881). The cost-benefit analysis employed by the court does not justify the dismissal of the indictment in furtherance of justice. (Appeal from Order of Onondaga County Court, Mulroy, J.—Dismiss Indictment.) Present—Pigott, Jr., P. J., Green, Hurlbutt and Kehoe, JJ.