Order, Supreme Court, Bronx County (Patricia A. Williams, J.), entered October 1, 2012, which granted defendant’s CPL 210.40 motion to dismiss two counts of criminal possession of a weapon in the second degree in furtherance of justice, unanimously affirmed.
After fully considering the relevant factors set forth in CPL *453 210.40, the court providently exercised its discretion in dismissing the felony counts in furtherance of justice (see People v Colon, 86 NY2d 861, 863 [1995]; People v Rickert, 58 NY2d 122, 128 [1983]). Defendant, who was licensed to carry concealed handguns in his home state of Connecticut, asserts that he drove into New York without realizing that his Connecticut-licensed pistols were still in the trunk of his car. In connection with the motion to dismiss, both sides relied on testimony taken at a suppression hearing at which, among other things, defendant explained in detail the circumstances of his possession of the weapons. As a result, in deciding the dismissal motion the court had the benefit of what was, in effect, an evidentiary hearing on the motion. The court, which had the advantage of having seen and heard witnesses (see generally People v Prochilo, 41 NY2d 759, 761 [1977]), expressly found that defendant’s transport of his licensed pistols into New York was inadvertent, and we find no basis for disturbing that credibility determination.
The court’s ruling does not, as the People claim, create a broad exemption from felony charges for anyone with an out-of-state firearm license. The court cited the Connecticut license as only one among several factors warranting dismissal, including defendant’s very respectable educational, employment and family background, his service in the Air Force and the Air Force Reserve, and his lack of a criminal history, as well as the previously discussed circumstances of the offense, defendant’s voluntary surrender of the weapons when stopped by the police, and the court’s express finding of inadvertent possession in New York. In addition, defendant has not been absolved of criminal liability for his conduct, as he still faces two misdemeanor charges of criminal possession of a weapon in the fourth degree. The court also properly concluded that defendant’s situation was similar to those of certain other defendants with out-of-state firearm licenses who brought their weapons into New York and received lenient dispositions.
The court properly rejected factual claims made by the People on the basis of alleged documentary proof that was never produced in court. While defendant had the burden of proof on the motion, the People had the burden of substantiating these factual assertions. We have considered and rejected the People’s remaining claims. Concur — Mazzarelli, J.P., Acosta, Saxe, Freedman and Clark, JJ.