# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**964**
**KA 15-00734**
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                    MEMORANDUM AND ORDER

KELLY COOMEY, ALSO KNOWN AS KELLY WALTS,
DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL
OF COUNSEL), FOR APPELLANT.

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Thomas J.
Miller, J.), dated May 8, 2015. The order dismissed the indictment in
furtherance of justice pursuant to CPL 210.40 (1).

It is hereby ORDERED that the order so appealed from is
unanimously affirmed.

Memorandum: The People appeal from an order granting that part
of defendant's omnibus motion seeking to dismiss the indictment in the
furtherance of justice pursuant to CPL 210.40 (1). "While the
question of whether to dismiss an indictment in the furtherance of
justice is addressed to the discretion of the trial court, this
discretion is not absolute; the issue on appeal is whether the court
abused or improvidently exercised its discretionary authority" (*People
v Hirsch*, 85 AD2d 902, 902). Contrary to the People's contention,
County Court did not abuse or improvidently exercise its discretion in
dismissing the indictment charging defendant, a former Child
Protective Services caseworker employed by Onondaga County, with,
inter alia, tampering with public records in the first degree (Penal
Law § 175.25) and falsifying business records in the second degree
(§ 175.05 [1]), in connection with certain time records and a case
note (*see generally People v Colon*, 86 NY2d 861, 863). The court
granted the motion and dismissed the indictment "after carefully
reviewing in a [bench] decision all of the criteria listed in CPL
210.40 (1) and finding several of them applicable and compelling"
(*People v Herman L.*, 83 NY2d 958, 959; *see People v Rivera*, 108 AD3d
452, 452-453, *lv denied* 22 NY3d 958). The court also based its
determination upon its view that defendant would not have been
prosecuted if her employer had been successful in procuring
termination of her employment at an arbitration proceeding that
occurred more than one year prior to commencement of the criminal
proceeding, as well as its view that defendant was unfairly targeted

for criminal prosecution based on evidence of wrongdoing on the part of some of defendant's coworkers who were not prosecuted.  Finally, the court determined that defendant's resignation from her position was a substantial and appropriate consequence for her actions.

Entered:  November 10, 2016                    Frances E. Cafarell
                                              Clerk of the Court