Appeal from an order of the Onondaga County Court (Thomas J. Miller, J.), dated May 8, 2015. The order dismissed the indictment in furtherance of justice pursuant to CPL 210.40 (1).
It is hereby ordered that the order so appealed from is unanimously affirmed.
Memorandum: The People appeal from an order granting that part of defendant’s omnibus motion seeking to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40 (1). “While the question of whether to dismiss an indictment in the furtherance of justice is addressed to the discretion of the trial court, this discretion is not absolute; the issue on appeal is whether the court abused or improvidently exercised its discretionary authority” (People v Hirsch, 85 AD2d 902, 902 [1981]). Contrary to the People’s contention, County Court did not abuse or improvidently exercise its discretion in dismissing the indictment charging defendant, a former Child Protective Services caseworker employed by Onondaga County, with, inter alia, tampering with public records in the first degree (Penal Law § 175.25) and falsifying business records in the second degree (§ 175.05 [1]), in connection with certain time records and a case note (see generally People v Colon, 86 NY2d 861, 863 [1995]). The court granted the motion and dismissed the indictment “after carefully reviewing in a [bench] decision all of the criteria listed in CPL 210.40 (1) and finding several of them applicable and compelling” (People v Herman L., 83 NY2d 958, 959 [1994]; see People v Rivera, 108 AD3d 452, 452-453 [2013], lv denied 22 NY3d 958 [2013]). The court also based its *1584 determination upon its view that defendant would not have been prosecuted if her employer had been successful in procuring termination of her employment at an arbitration proceeding that occurred more than one year prior to commencement of the criminal proceeding, as well as its view that defendant was unfairly targeted for criminal prosecution based on evidence of wrongdoing on the part of some of defendant’s coworkers who were not prosecuted. Finally, the court determined that defendant’s resignation from her position was a substantial and appropriate consequence for her actions.
Present—Smith, J.P., Carni, Lindley, DeJoseph and Scudder, JJ.