People v Rafferty (2019 NY Slip Op 05453)





People v Rafferty


2019 NY Slip Op 05453


Decided on July 5, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


374 KA 18-01621

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
v
THOMAS A. RAFFERTY, DEFENDANT-RESPONDENT. 






JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (JEFFERY R. FRIESEN OF COUNSEL), FOR APPELLANT. 
THOMAS A. RAFFERTY, DEFENDANT-RESPONDENT PRO SE. 


 Appeal from an order of the Ontario County Court (Frederick G. Reed, A.J.), dated June 4, 2018. The order granted defendant's motion to dismiss the indictment and dismissed the indictment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40 (1). We affirm.
" While the question of whether to dismiss an indictment in the furtherance of justice is addressed to the discretion of the trial court, this discretion is not absolute' " (People v Coomey, 144 AD3d 1583, 1583 [4th Dept 2016]; see People v Hirsch, 85 AD2d 902, 902 [4th Dept 1981]). Here, contrary to the People's contention, we conclude that there is no basis for reversal inasmuch as County Court did not abuse its discretion in dismissing the indictment charging defendant, an employee of the County of Ontario, with three counts of falsifying business records in the second degree (Penal Law § 175.05 [1]) and three counts of offering a false instrument for filing in the first degree (§ 175.35 [1]; cf. People v Scott, 284 AD2d 899, 900 [4th Dept 2001], lv denied 96 NY2d 924 [2001]; People v Wright, 278 AD2d 820, 820 [4th Dept 2000], lv denied 96 NY2d 789 [2001]; see generally People v Stranahan, 237 AD2d 920, 920 [4th Dept 1997], lv denied 89 NY2d 1101 [1997]). The court " carefully review[ed] . . . all of the criteria listed in CPL 210.40 (1) and [properly found] several of them applicable and compelling' " (Coomey, 144 AD3d at 1583, quoting People v Herman L., 83 NY2d 958, 959 [1994]).
Entered: July 5, 2019
Mark W. Bennett
Clerk of the Court