People v Galland
2026 NY Slip Op 03572
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANNA M. GALLAND, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
364 KA 25-00605
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
ASHLEY J. WILLIAMS, DISTRICT ATTORNEY, GENESEO (NICHOLAS A. TRIPPANY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Livingston County Court (Kevin Van Allen, J.), rendered February 4, 2025. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the fifth degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting her upon a plea of guilty of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]), defendant contends that County Court should have granted her motion to dismiss the indictment in the furtherance of justice pursuant to CPL 210.40 (1). We affirm. Based on our review of the criteria listed in CPL 210.40 (1), we perceive no abuse of discretion in the court's refusal to dismiss the indictment in the interest of justice (see People v Gazzillo, 177 AD3d 1406, 1407 [4th Dept 2019]; see generally People v Hirsch, 85 AD2d 902, 902 [4th Dept 1981]). Considering that defendant twice sold methamphetamine to a confidential informant and that she declined the opportunity to participate in drug treatment court, we cannot conclude that this is "one of those rare cases in which failure to dismiss [the indictment] would constitute an injustice" (People v May, 100 AD3d 1411, 1413 [4th Dept 2012], lv denied 20 NY3d 1063 [2013] [internal quotation marks omitted]; see People v Quadrozzi, 55 AD3d 93, 103 [2d Dept 2008], lv denied 12 NY3d 761 [2009]).
Finally, contrary to defendant's remaining contention, the sentence is not unduly harsh or severe.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court