# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**785**

**OP 11-00353**

PRESENT: SCUDDER, P.J., CARNI, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF MICHAEL C. GREEN, IN HIS
OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF
MONROE COUNTY, PETITIONER-PLAINTIFF,

                    V                                    OPINION AND ORDER

HONORABLE JOHN DEMARCO, A JUDGE OF THE COUNTY
COURT, COUNTY OF MONROE, STATE OF NEW YORK,
ELLIS MECHALLEN, CRIMINAL DEFENDANT, AND
FERNANDO LOPEZ, CRIMINAL DEFENDANT,
RESPONDENTS-DEFENDANTS.

---

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF
COUNSEL), PETITIONER-PLAINTIFF PRO SE.

PHILLIPS LYTLE LLP, BUFFALO (TIMOTHY W. HOOVER OF COUNSEL), FOR
RESPONDENT-DEFENDANT HONORABLE JOHN DEMARCO, A JUDGE OF THE COUNTY
COURT, COUNTY OF MONROE, STATE OF NEW YORK.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF
COUNSEL), FOR RESPONDENT-DEFENDANT ELLIS MECHALLEN, CRIMINAL
DEFENDANT.

EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (DONALD M. THOMPSON
OF COUNSEL), FOR RESPONDENT-DEFENDANT FERNANDO LOPEZ, CRIMINAL
DEFENDANT.

---

Proceeding pursuant to CPLR article 78 (initiated in the
Appellate Division of the Supreme Court in the Fourth Judicial
Department pursuant to CPLR 506 [b] [1]) seeking to prohibit the
conducting of certain proceedings.

It is hereby ORDERED that the petition/complaint is unanimously
granted in part without costs by prohibiting respondent-defendant
Honorable John DeMarco from contemporaneously conducting a suppression
hearing and bench trial on the indictment regarding respondent-
defendant Fernando Lopez, the petition/complaint insofar as it seeks
relief regarding respondent-defendant Ellis Mechallen is dismissed as
moot, the petition/complaint insofar as it seeks relief in the nature
of mandamus to review is denied, and

It is ORDERED, ADJUDGED and DECREED that respondent-
defendant Honorable John DeMarco shall not, even with the
consent of a defendant, commence a trial prior to the

determination of pretrial motions as required by CPL 710.40 (3).

Opinion by SCUDDER, P.J.:  Petitioner-plaintiff (hereafter, petitioner) commenced this original hybrid CPLR article 78 proceeding/declaratory judgment action seeking three forms of relief: a judgment pursuant to CPLR 7803 (3), mandamus to review, concluding that the determination of respondent-defendant Honorable John DeMarco (hereafter, respondent) to conduct, contemporaneously, the suppression hearings and bench trials in the criminal matters involving respondents-defendants Ellis Mechallen and Fernando Lopez was, inter alia, in violation of lawful procedure; a judgment pursuant to CPLR 7803 (2), a writ of prohibition, prohibiting respondent from conducting such joint proceedings; and a judgment pursuant to CPLR 3001 declaring that conducting the joint hearings/trials is in violation of CPL 710.40 (3), which requires that a court determine pretrial suppression motions prior to the commencement of a trial. The matters concerning Mechallen and Lopez were stayed pursuant to CPLR 7805 pending the outcome of this proceeding.  We note at the outset, however, that Mechallen subsequently withdrew her suppression motion and the bench trial was conducted.  Contrary to the contentions of petitioner and Mechallen, we conclude that the allegations in the petition with respect to Mechallen are moot, and those parts of the petition/complaint seeking relief with respect to her therefore should be dismissed.  We further conclude that petitioner is not entitled to relief in the nature of mandamus to review pursuant to CPLR 7803 (3), inasmuch as the actions of respondent do not constitute an administrative action made in the exercise of discretion (*see generally Kraham v Mathews*, 305 AD2d 746, *lv denied* 100 NY2d 512), and thus that part of the petition/complaint seeking that relief should be denied.

The issues properly before us are whether a writ of prohibition should be issued prohibiting respondent from conducting a joint suppression hearing and bench trial in the matter involving respondent-defendant Fernando Lopez and whether petitioner is, in addition, entitled to declaratory relief to that effect.

## Writ of Prohibition

CPL 710.40 (3) provides that, "[w]hen a motion is made before trial, the trial may not be commenced until determination of the motion."  Petitioner alleges that, if respondent is permitted to proceed with a joint suppression hearing/trial in the Lopez matter in contravention of CPL 710.40 (3), the People will be denied the right to appeal from an order granting the suppression motion inasmuch as their right to appeal is limited to appeal from suppression orders that are entered prior to trial (*see* CPL 450.20 [8]).  The issue before us therefore is whether respondent's determination to conduct, contemporaneously, the suppression hearing and bench trial in the Lopez matter contravenes CPL 710.40 (3) and thus is in excess of respondent's authorized powers in a matter over which he has jurisdiction (*see* CPLR 7803 [2]).

It is axiomatic that relief in the nature of a writ of prohibition "is available . . . to prevent a court from exceeding its authorized powers in a proceeding over which it has jurisdiction [only where] . . . petitioner has established a clear legal right to that relief" (*Matter of Pirro v Angiolillo*, 89 NY2d 351, 355-356 [internal quotation marks omitted]; *see Matter of Rush v Mordue*, 68 NY2d 348, 352-353).  Whether to grant the extraordinary remedy of a writ prohibiting respondent from conducting suppression hearings and bench trials contemporaneously is left to the sound discretion of this Court (*see Rush*, 68 NY2d at 354).  Simply stated, if petitioner has a clear legal right to relief and respondent is exceeding his authorized powers in this matter, then this Court has the discretion to grant a writ of prohibition (*see Pirro*, 89 NY2d at 355-356; *Matter of Holtzman v Goldman*, 71 NY2d 564, 569).  In making our determination, we may consider factors that include the gravity of harm and whether respondent's actions may be adequately corrected by other means at law or in equity (*see Pirro*, 89 NY2d at 359; *Rush*, 68 NY2d at 354).

Addressing first whether petitioner, on behalf of the People, has a clear legal right to require respondent to comply with CPL 710.40 (3), we conclude that he does.  As previously noted, petitioner alleges that the joint hearing/trial is in contravention of CPL 710.40 (3) and that, in the event that respondent grants the suppression motion of Lopez in the course of that joint proceeding, the People will be prohibited from appealing from the suppression order because it was not entered prior to trial (*see* CPL 450.20 [8]; *see generally People v Garofalo*, 71 AD2d 782, *appeal dismissed* 49 NY2d 879).  Although the "appealability or nonappealability of an issue is not dispositive" (*Holtzman*, 71 NY2d at 570), in both *Pirro* and *Holtzman* the Court of Appeals determined that the respective District Attorneys who challenged the failure of the trial judge to comply with a statute, and who lacked the right to appeal from the resulting orders, had a clear legal right to relief.  In *Pirro*, the court improperly altered a sentence after service of the sentence had begun in contravention of CPL 430.10 (*see Pirro*, 89 NY2d at 358-359) and, in *Holtzman*, the court improperly dismissed the indictment when the People were unable to proceed on the scheduled trial date because they were unable to locate a witness.  In both cases, in which the People lacked a statutory right to appeal from the respective orders, the Court of Appeals determined that the extraordinary relief of a writ of prohibition was appropriate.

Although the instant record reflects that respondent had proposed to petitioner that he would require criminal defendants to consent to a mid-trial adjournment of a joint hearing/trial in the event that the People sought to appeal from an adverse suppression ruling, we conclude that respondent "cannot rejigger the language or specific prescriptions of CPL 450.20 (8) . . . without trespassing on the Legislature's domain and undermining the structure of article 450 of the CPL—the definite and particular enumeration of all appealable orders" (*People v Laing*, 79 NY2d 166, 172).  We therefore conclude that petitioner has a clear legal right to seek relief in the nature of a writ of prohibition.

We must therefore consider whether respondent has acted in excess of his authority in a matter over which he has jurisdiction by ordering that the suppression hearing and the bench trial be conducted contemporaneously. Petitioner concedes that there have been occasions when the People have consented to a court conducting a joint suppression hearing/trial. He alleges, however, that respondent may not deviate from the statutory mandate of CPL 710.40 (3) over the objection of the People and that, by doing so, respondent has acted in excess of his authorized powers in a matter over which he has jurisdiction (*see* CPLR 7803 [2]). According to respondent, however, he has properly exercised his discretion in scheduling the joint hearing/trial with the consent of Lopez. Respondent further alleges that the determination to conduct joint suppression hearings/trials with the consent of the defendant has been approved by this Court. Although this Court has declined to reverse the respective judgments of conviction in two prior appeals where the court utilized a joint hearing/trial procedure (*see People v Mason*, 305 AD2d 979, *lv denied* 100 NY2d 563; *People v Yousef*, 236 AD2d 868, *lv denied* 90 NY2d 860, 866), there are notable distinctions between those cases and the instant matter. In *Mason* and *Yousef*, the People did not object to the use of the joint hearing/trial and the respective defendants, who had consented to the procedure, contended on appeal that the court had erred in utilizing it. In other words, both defendants sought to have their proverbial cake and eat it too. Here, however, the People objected to respondent's use of a joint hearing/trial as being in violation of CPL 710.40 (3), and respondent overruled the objection, thereby foreclosing the People from exercising their right to appeal pursuant to CPL 450.20 (8) from a potential determination suppressing evidence that is vital to the prosecution of Lopez. We therefore conclude that, by refusing to comply with the requirements of CPL 710.40 (3), respondent exceeded his authority in a proceeding over which he has jurisdiction (*see Pirro*, 89 NY2d at 355; *cf. Matter of Oglesby v McKinney*, 7 NY3d 561, 565).

## Declaratory Relief

Petitioner also seeks declaratory relief determining the rights of the parties with respect to whether respondent may properly conduct joint suppression hearings/bench trials over the objection of the People. As the Court of Appeals has noted, "[l]awsuits against judges should not be common, but there are times . . . where they are necessary to resolve important issues that could otherwise never reach an appellate court" (*Oglesby*, 7 NY3d at 565). We conclude that this matter presents such a scenario. The record establishes that the joint hearing/trial is commonly utilized in various courts in Monroe County, including respondent's court, both with and without the consent of the People. Indeed, it is undisputed that in addition to the criminal matters that are the subject of this proceeding, there is at least one other matter pending in respondent's court in which he has directed that the suppression hearing and the bench trial be conducted contemporaneously. Thus, based upon the record before us, it can be assumed that the issue presented here will recur in other prosecutions and that respondent will decide the issue in the same way provided that he has the consent of the defendant (*see id.; Matter of*

*Morgenthau v Erlbaum*, 59 NY2d 143, 152, *cert denied* 464 US 993).  We therefore conclude that declaratory relief is proper.

## Conclusion

Accordingly, we conclude that those parts of the petition/complaint seeking to prohibit respondent from conducting, contemporaneously, the suppression hearing and trial in the matter involving Lopez and seeking a declaration of the rights of the parties herein should be granted, and that a judgment should be entered declaring that respondent shall not, even with the consent of a defendant, commence a trial prior to the determination of pretrial motions as required by CPL 710.40 (3).

Entered:  June 17, 2011                     Patricia L. Morgan
                                            Clerk of the Court