OPINION OF THE COURT
Joseph D. Valentino, J.
This is a decision on defendant’s request for an order pursuant to CPL 216.05 (4) granting her the opportunity to participate in the Judicial Diversion Program (JDP) or, in the alternative, dismissing the indictment in the furtherance of justice pursuant to CPL 210.40 and 210.20 (1) (i). Defense counsel asserted that the People intentionally manipulated the grand jury process to circumvent defendant’s participation in JDP and thereby denied defendant the right to be treated as other similarly situated defendants without a legitimate basis. The *200 People asserted that defendant has no constitutional right to drug treatment or to participation in JDf] that the prosecutor has broad discretion in charging crimes and that dismissal in the interests of justice is not warranted. The court considered defendant’s motion, the People’s answering affirmation in opposition, and defense counsel’s reply affirmation. The court heard oral argument on June 21, 2011 and, thereafter, the court reviewed the grand jury minutes in camera over the People’s objection.
Background
Initially in a felony complaint, defendant was accused of grand larceny in the fourth degree and robbery in the third degree. Thereafter, the prosecutor presented the case to the grand jury, but only presented the charge of robbery in the third degree. The prosecutor did not instruct the grand jurors on the charge of grand larceny in the fourth degree and the jurors did not inquire about the charge that was not presented. Defendant did not testify before the grand jury.
The grand jury indicted defendant for robbery in the third degree (Penal Law § 160.05), which is a noneligible offense for participation in the JDP (see CPL 216.00 [1] and 410.91 [5] for eligible offenses). However, grand larceny in the fourth degree is an eligible offense (CPL 410.91 [5]). Where a defendant is charged with an eligible offense and a noneligible offense, courts have permitted such a defendant to participate in JDP (see People v Jordan, 29 Misc 3d 619 [Westchester County Ct 2010]; People v Kithcart, County Ct, Onondaga County, Jan. 19, 2010, Merrill, J.).
In court on May 3, 2011, the prosecutor stated that she did not present grand larceny in the fourth degree
“partially because it is a lesser-included and need not be presented, and partially, it’s our office’s position that a bank robbery involving the threatening [of] a gun and its use in the middle of an afternoon with many people in that location should not be accepted into the JDP program where [defendant] would potentially be afforded a misdemeanor conviction at the end.”
On June 21, 2011, the court inquired of the prosecutor if one of the reasons she did not present the grand larceny in the fourth degree charge was to avoid any possibility of the defendant’s participation in JDP The prosecutor indicated that “it is part of *201 the calculation.” When asked if there was an office policy of avoiding presentation of JDP-eligible crimes to prevent certain defendants from being eligible to participate in JDF] the prosecutor denied that there was a written policy and denied “an overreaching edict that certain people shall be kept out” of JDP
Discussion
I. Prosecutor’s Duty of Fairness
A public prosecutor carries an “additional and more sensitive burden” than other participants in the traditional common-law adversarial process whose “more singular function is to protect and advance the rights of one side” {see People v Zimmer, 51 NY2d 390, 393 [1980]). A prosecutor’s “paramount obligation is to the public” and the prosecutor must never lose sight of the fact “that a defendant, as an integral member of the body politic, is entitled to a full measure of fairness” {id.). The prosecutor is
“in a peculiar and very definite sense[,] the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He [or she] may prosecute with earnestness and vigor — indeed, [the prosecutor] should do so. But, while [the prosecutor] may strike hard blows, [the prosecutor] is not at liberty to strike foul ones. It is as much [the prosecutor’s] duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.” {Berger v United States, 295 US 78, 88 [1935].)
II. Prosecutorial Discretion
“Where the elements of two crimes overlap, the prosecutor has ‘broad discretion’ to decide which crime to charge [and] [t]he fact that ‘under certain circumstances the crimes . . . may be identical . . . does not . . . amount to a denial of equal protection’ or due process” {People v Lawrence, 81 AD3d 1326, 1326 [4th Dept 2011] [citations omitted]). To be sure, “[a] defendant has no constitutional right to elect which of two applicable statutes shall be the basis of his [or her] indictment and prosecution” {Hutcherson v United States, 345 F2d 964, 967 [DC Cir 1965]). “[Overlapping in criminal statutes, and the opportunity for prosecutorial choice they represent, is no bar to prosecution” {People v Eboli, 34 NY2d 281, 287 [1974]; People v Vicaretti, 54 AD2d 236, 239-240 [4th Dept 1976], Iv denied 41 NY2d 869 [1977]).
*202 Undoubtedly, the People have broad discretion to determine which offenses to submit for a grand jury’s consideration (People v Di Falco, 44 NY2d 482 [1978]; People v Eboli, supra; see also People v Extale, 78 AD3d 1519 [4th Dept 2010], Iv granted 16 NY3d 830 [2011] [prosecutor has discretion to withdraw a count]). The People may seek an indictment for the highest crime the evidence will support (see People v Valles, 62 NY2d 36 [1984]; see also People v Lancaster, 69 NY2d 20 [1986], cert denied 480 US 922 [1987]).
Notwithstanding prosecutorial discretion, on numerous other occasions the People have indicted cases charging both robbery in the third degree and grand larceny in the fourth degree (see e.g. People v Brown, 14 NY3d 113 [2010] [conviction in Monroe County Court (Renzi, J.) of third-degree robbery and fourth-degree grand larceny]; People v Snow, 78 AD3d 1618, 1619 [4th Dept 2010] [conviction in Monroe County Supreme Court (Ark, J.) of three counts of robbery in the third degree, two counts of petit larceny, and one count of grand larceny in the fourth degree]; People v Siler, 45 AD3d 1403 [4th Dept 2007] [before Geraci, Jr., J.]; People v Taylor, 4 AD3d 875 [4th Dept 2004] [before Marks, J.]), albeit prior to implementation of JDP. Furthermore, a review of this court’s previously assigned cases reveals four separate instances of indictments charging both crimes, two in 2004, and one each in 2006 and 2007. Finally, the prosecutor informed the court on June 21, 2011 that “there were in the last month two cases, one of which [she] handled, that were bank robberies that were returned as grand larceny charges and were both accepted into the JDP program.”
III. Grand Jury
Notwithstanding the district attorney’s broad latitude in the prosecution of crimes, “the authority of the Grand Jury, independent of the prosecutor, is both singular and paramount” (People v Stead, 18 Misc 3d 1115[A], 2008 NY Slip Op 50032[U], *3 [Broome County Ct 2008]). “It is the Grand Jury, and not the prosecutor, that makes the ultimate decision of whether and for which crimes a person shall be prosecuted” (id.; see People v Lancaster at 25; People v Valles at 40).
“In order to further the safeguards of indictment by Grand Jury and to enable that body to fulfill its functions, the Grand Jury is accorded broad investigative powers and ought to be well informed concerning the circumstances of the case before it, for the Grand Jury exercises its discretion not only in *203 determining that legally sufficient evidence and reasonable grounds exist to force the accused to trial on the merits, but also in charging a greater or lesser offense, or in charging a single or numerous counts.” (People v Lancaster at 25 [emphasis supplied; citations omitted].)
“The legal advisors of the grand jury are the court and the district attorney, and the grand jury may not seek or receive legal advice from any other source. Where necessary or appropriate, the court or the district attorney, or both, must instruct the grand jury concerning the law with respect to its duties or any matter before it, and such instructions must be recorded in the minutes” (CPL 190.25 [6]).
Defendant’s asserted equal protection claim is tantamount to a claim of selective prosecution, which would require “not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification” (People v Blount, 90 NY2d 998, 999 [1997]; People v Welch, 2 AD3d 1354 [4th Dept 2003], Iv denied 2 NY3d 747 [2004]). Defendant has not met this strong showing to warrant a hearing (see People v Stuart, 123 AD2d 46 [2d Dept 1986] [defendant has a weighty burden of establishing that the instant prosecution constituted a selective application of the law resulting from a pattern of impermissible discrimination consciously practiced and a hearing on the issue is only warranted where defendant adduces factually detailed sworn allegations]; People v Prisinzano, 170 Misc 2d 525 [Crim Ct, NY County 1996]).
In the instant case, the prosecutor was under the mistaken belief that grand larceny is a “lesser-included” offense when giving her reasons for not presenting grand larceny in the fourth degree to the grand jury (transcript, May 3, 2011, at 11, lines 8-10). “[G]rand larceny in the fourth degree ... is not a lesser included offense of any degree of robbery” (People v Sweeper, 281 AD2d 300 [1st Dept 2001]; see People v Glover, 57 NY2d 61 [1982]). Thus, the only remaining reason that the prosecutor did not present grand larceny in the fourth degree to the grand jury is the office policy that defendants accused of robbing a bank with threatening of a gun should not be eligible for JDE Certainly, the facts presented to the grand jury of defendant passing a robbery demand note to the bank teller indicating that defendant had a gun and the defendant’s purported *204 mentioning to the teller that she had a gun clearly justified the prosecutor’s choice to present the more serious offense.
Given the prosecutor’s broad discretion in presenting charges to the grand jury combined with the failure to present the eligible offense for consideration by the grand jury, the court can only conclude that the prosecutor permissibly exercised her discretion. The effect of that discretion is a predetermination of JDP eligibility, which in the court’s opinion is shortsighted. However, the court’s discretion to accept someone for JDP is only available if a defendant is charged with an eligible offense in the indictment.
The court is constrained to deny defendant’s motion for an order granting her the opportunity to participate in JDP because she is not charged with an eligible offense pursuant to CPL 216.00 (1) or 410.91 (5). The court knows of no legal authority allowing it to render defendant eligible based on the charge included in the felony complaint. Despite disagreement with the prosecutor’s decision to omit an eligible offense from the indictment, the court cannot exceed its legal authority and base eligibility upon an unindicted charge. Had the Legislature intended for the courts to base eligibility for JDP on the charges in a felony complaint, it would have granted the courts such power (see CPL 216.00 [1]). Consequently, the court denies defendant’s motion for an order allowing her to participate in JDP
IV Dismissal in the Furtherance of Justice
Regarding defendant’s request for a dismissal in the furtherance of justice, CPL 210.40 (1) authorizes the courts of this state, in the exercise of “judicial discretion,” to dismiss a criminal prosecution without the consent of the public officer elected by the People to enforce the criminal law. “[S]uch dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such indictment or count would constitute or result in injustice” (People v Harmon, 181 AD2d 34, 36 [1st Dept 1992]). “The trial court’s discretion to dismiss in the interest of justice, should be ‘exercised sparingly’ and only in that ‘rare’ and ‘unusual’ case where it ‘cries out for fundamental justice beyond the confines of conventional considerations’ ” (People v Insignares, 109 AD2d 221, 234 [1st Dept 1985], Iv denied 65 NY2d 928 [1985]; People v Scott, 284 AD2d 899, 900 [4th Dept 2001], Iv denied 96 NY2d 924 [2001]), since doing so *205 constitutes the court substituting its discretion for that of the prosecutor.
Having reviewed the grand jury minutes and the motion papers, the court concludes that this case does not present one of those rare instances in which dismissal in furtherance of justice is warranted (see People v Wright, 278 AD2d 820, 820 [4th Dept 2000], Iv denied 96 NY2d 789 [2001]).
Accordingly, defendant’s motion to dismiss is denied.