OPINION OF THE COURT
Jo Ann Ferdinand, J.
The defendant is charged in a 13-count indictment with four felonies and nine misdemeanors, only one of which is a specified crime in the judicial diversion program as codified in CPL article 216. The charged felonies are operating a motor vehicle while impaired by the use of drugs, operating a motor vehicle while impaired by the use of alcohol or drugs, aggravated unlicensed operation of a motor vehicle in the first degree, and criminal possession of a controlled substance in the fifth degree. The defendant requests an order granting him the opportunity to participate in diversion given that he is charged with an eligible crime and none of the other charged felonies are disqualified crimes.
The People allege that, on August 5, 2011, the defendant was driving in the center lane of the Belt Parkway at an excessively slow rate of speed. Perceiving a public safety risk, police officers attempted to pull him over with sirens and flashing lights. He refused to stop and began to erratically swerve in and out of lanes with the police in pursuit. He stopped due to traffic and shifted into reverse, causing his car to almost strike a police officer, cross onto the service road, and crash into the police vehicle. He then exited his car and fled on foot. When an officer grabbed him and they fell to the ground, the defendant dropped a quantity of cocaine and marijuana. Upon being placed under arrest, the defendant flailed his arms, refused to be handcuffed, and exhibited common signs of intoxication. A blood test showed cocaine, oxycodone, and PCP in his system. According to records of the New York State Department of Motor Vehicles, the defendant’s license to drive was suspended on February 2, 2010, due to a conviction for driving while intoxicated.
The judicial diversion program for certain felony offenders (CPL art 216) grants authority to judges to determine which nonviolent defendants, whose criminal activity is the result of *253 substance abuse or dependence, should have the opportunity to avoid a jail sentence by agreeing to complete court monitored treatment. CPL article 216 defines those defendants who are eligible for judicial diversion as ones charged with certain felony drug offenses, or those charged with specified nonviolent offenses listed in CPL 410.91 (4),[1] so long as they do not have a disqualifying condition listed in CPL 216.00 (1). If the People consent, a noneligible defendant will be deemed eligible.
The People contend that the defendant is not eligible for judicial diversion because, in addition to the eligible drug charge, the indictment charges three Vehicle and Traffic Law felonies, which are neither eligible nor disqualifying offenses. The People argue the omission of Vehicle and Traffic Law felonies from eligibility for diversion was clearly intentional in that the legislation enacting the diversion program was passed in the same year as legislation increasing punishment for such offenses. The People further contend that the Vehicle and Traffic Law charges have no connection to the eligible drug charge. In the alternative, the People argue that, if the defendant is deemed eligible for judicial diversion, the court should not permit him to participate because incarceration of this defendant is necessary for the protection of the public.[2] In support, the People point out that, in addition to his reckless driving in this case, the defendant also has two prior convictions in 2009 for driving under the influence of drugs in one case and driving with ability impaired by the consumption of alcohol in the other. Moreover, the defendant was permitted to participate in a drug treatment program, which he completed in 2010. Having failed to fully take advantage of that treatment, the People contend that the defendant should not be offered a treatment opportunity again.
The defendant contends that he is eligible for judicial diversion because he is charged with a specified felony drug crime, has no prior disqualifying convictions, and no pending disqualifying charges. He argues that to exclude defendants also charged with DWIs from eligibility for judicial diversion would have the illogical result of excluding those who are in obvious need of *254 drug treatment. He further argues that the Vehicle and Traffic Law offenses with which he is charged “embrace and integrally relate” (People v Iverson, 32 Misc 3d 1246[A], 2011 NY Slip Op 51712[U], *3 [Sup Ct, Kings County 2011]) to the eligible charge of criminal possession of a controlled substance in the fifth degree in that it was his substance abuse that caused him to commit the Vehicle and Traffic Law offenses. In support, he submits proof that he has enrolled himself in an outpatient substance abuse program.[3]
The list of eligible offenses in the judicial diversion statute are nonviolent crimes most commonly committed by addicted individuals in order to finance or support their drug habit. Indeed, to permit a defendant to participate in judicial diversion the court must find his “alcohol or substance abuse or dependence is a contributing factor to the defendant’s criminal behavior” (CPL 216.05 [3] [b] [iii]). The list of eligible crimes is specific and does not include every nonviolent felony. This court and others have found that the presence on an indictment of nonviolent, nonspecified crimes, along with a specified eligible charge, will not preclude eligibility in every case (see People v Jordan, 29 Misc 3d 619 [2010]; People v Kithcart, Onondaga County Ct, Merrill, J., index No. 2009-0313-1). One court has found that a defendant charged with only neutral crimes was nevertheless eligible for judicial diversion because the charged crimes were no more “serious” than those specified as eligible offenses (People v Watford, 36 Misc 3d 456 [2012]; cf. People v Caster, 33 Misc 3d 198 [2011] [defendant was not eligible for judicial diversion where the only charge on the indictment was a neutral charge]).
However, if a court were to expand the category of cases eligible for diversion beyond those specified by the legislature, great care must be taken to ensure the court’s authority to do so is well founded. In the present case, the People do not suggest the defendant is ineligible for judicial diversion based upon the nine misdemeanors on the indictment. Where a defendant is charged with an eligible offense and the neutral charge on the indictment is a lesser-included crime, it would make no sense to this court to disqualify the defendant on the ground that such crime is not specified. This court has previously held that where the neutral crime was a conspiracy to commit the eligible drug *255 offense, such offense is embraced by and integrally related to the specified crime so that defendant should not be disqualified from eligibility for judicial diversion (People v Iverson).
While the use of alcohol and/or drugs contributes to and is an element of the commission of operating a motor vehicle while impaired by the use of alcohol or drugs, that crime cannot be considered equivalent in degree of risk to public safety as those nonviolent felonies specified in the judicial diversion law. Vehicle and Traffic Law § 1192 offenses inherently contemplate acts that endanger the property and lives of everyone around them. The underlying facts of these offenses vary tremendously from one case to the next; one case may involve a simple stop, another an accident, another property damage, and still others personal injury or even death to other drivers or pedestrians. It is likely due to this vast differentiation that the legislature chose to omit such offenses from the list of both eligible and disqualifying charges in the judicial diversion statute. By omitting such charges, the legislature by default has chosen to leave prosecutorial discretion undisturbed in these cases which carry such potential risk to public safety.[4] Therefore, such offenses cannot be said to be the kind of nonviolent crime committed by drug offenders that the legislature contemplated in passing the judicial diversion statute.
Further support that the legislature did not intend to include Vehicle and Traffic Law § 1192 offenders among those eligible for judicial diversion is that Leandra’s Law (L 2009, ch 496), which increased the penalties for such offenses and imposed the requirement of ignition interlock devices upon sentencing, was passed by the legislature the same year that it created the judicial diversion statute. Surely it would be illogical to permit those same offenders the benefit of judicial diversion, which could result in the conclusion of their cases with no requirement to install an ignition interlock device upon the completion of treatment.
While the defendant argues that his Vehicle and Traffic Law offenses are integrally related to his possession of cocaine, in that cocaine was one of the substances for which he tested positive, this court disagrees. The Vehicle and Traffic Law offenses with which the defendant is charged are totally separate and distinct from the offense of criminal possession of a controlled *256 substance in the fifth degree. That defendant is alleged to have used drugs and alcohol before he drove his car, and that he also possessed drugs, do not make the crimes related so as to expand the court’s authority to grant diversion. To the contrary, the only eligible offense with which the defendant is charged is collateral to the main offense of driving while under the influence of alcohol and drugs. Accordingly, this court concludes that the defendant is disqualified from eligibility for judicial diversion as a result of the inclusion of these Vehicle and Traffic Law charges in the indictment.
Accordingly, having considered all of the arguments presented, this court declines to grant defendant’s request for an evaluation to be considered for the judicial diversion program.

. Although CPL 216.00 (1) refers to specified offenses as defined in CPL 410.91 (4), that subdivision was repealed effective April 7, 2009 by chapter 56, part AAA, § 7 of the Laws of 2009. Accordingly, in determining a defendant’s eligibility for judicial diversion, this court refers to the list of specified offenses currently provided in CPL 410.91 (5).

. It is noted that the presentence investigation report, prepared by the New York City Department of Probation on April 16, 2012 with regard to this defendant, reaches the same conclusion.

. According to reports submitted by the treatment program, which the defendant attends once per week, the defendant continues to test positive for oxycodone.

. Although the Kings County Supreme Court has a DWI court, participation requires the consent of the People.