# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**122**

**OP 12-01563**

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF SANDRA DOORLEY,
PETITIONER-PLAINTIFF,

V                                                    OPINION AND ORDER

HONORABLE JOHN L. DEMARCO, HONORABLE JOHN R.
SCHWARTZ, DALANA J. WATFORD, CRIMINAL DEFENDANT,
AND ANNIE PEARL PUGH, CRIMINAL DEFENDANT,
RESPONDENTS-DEFENDANTS.

---

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KELLY CHRISTINE WOLFORD
OF COUNSEL), PETITIONER-PLAINTIFF PRO SE.

HONORABLE JOHN L. DEMARCO, ROCHESTER, RESPONDENT-DEFENDANT PRO SE.

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS DALANA J. WATFORD AND ANNIE PEARL
PUGH.

CYRUS R. VANCE, JR., NEW YORK CITY (VICTORIA M. WHITE OF COUNSEL), FOR
DISTRICT ATTORNEYS ASSOCIATION OF THE STATE OF NEW YORK, AMICUS
CURIAE.

---

Proceeding pursuant to CPLR article 78 and declaratory judgment
action (initiated in the Appellate Division of the Supreme Court in
the Fourth Judicial Department pursuant to CPLR 506 [b] [1]) to compel
respondents Honorable John L. DeMarco and Honorable John R. Schwartz
to comply with CPL 216.00 (1), and for other relief.

It is hereby ORDERED that said petition/complaint insofar as it
seeks relief in the nature of a writ of prohibition and declaratory
relief is unanimously granted without costs, the petition/complaint
insofar as it seeks relief in the nature of mandamus to compel is
denied, and

It is ORDERED, ADJUDGED and DECREED that respondents-defendants
Honorable John L. DeMarco and Honorable John R. Schwartz shall admit
only those defendants meeting the criteria set forth in CPL 216.00 (1)
into the judicial diversion program.

Opinion by CENTRA, J.P.:

I

Petitioner-plaintiff, the District Attorney of Monroe County (petitioner), commenced this original hybrid CPLR article 78 proceeding and declaratory judgment action against respondents-defendants Honorable John L. DeMarco and Honorable John R. Schwartz (respondent judges), as well as against respondents-defendants Dalana J. Watford and Annie Pearl Pugh, both criminal defendants (respondent defendants).  Respondent defendants were charged by indictments with various criminal offenses and, after arraignment, were accepted in the judicial diversion program by Judge DeMarco.  Respondent defendants' cases were thereafter transferred to Judge Schwartz.  Petitioner opposes judicial diversion for respondent defendants and seeks, inter alia, mandamus to compel respondent judges to comply with CPL 216.00 (1), a judgment prohibiting respondent judges from allowing respondent defendants to participate in the judicial diversion program, and a judgment declaring that only defendants meeting the criteria set forth in CPL 216.00 (1) are eligible for the judicial diversion program. The criminal matters concerning respondent defendants were stayed pending the outcome of this proceeding/action.  We now conclude that the petition/complaint should be granted in part.

II

As part of the Drug Law Reform Act of 2009, the New York State Legislature enacted CPL article 216, which created a judicial diversion program allowing selected felony offenders, whose substance abuse or dependence was a contributing factor to their criminal conduct, to undergo alcohol and substance abuse treatment rather than be sentenced to a term of imprisonment.  After the arraignment of an "eligible defendant," an authorized court determines whether to allow the defendant to participate in judicial diversion (CPL 216.05 [1]; see CPL 216.05 [4]; *People v DeYoung*, 95 AD3d 71, 73-74).

CPL 216.00 (1) defines an " '[e]ligible defendant' " for judicial diversion as

> "any person who stands charged in an indictment or
> a superior court information with a class B, C, D
> or E felony offense defined in article two hundred
> twenty or two hundred twenty-one of the penal law
> or any other specified offense as defined in
> subdivision four of section 410.91 of this chapter
> . . . ."

Subdivisions (1) (a) and (b) of CPL 216.00, which do not apply here, list certain defendants who are not eligible for judicial diversion, such as defendants with a previous violent felony conviction.  Penal Law articles 220 and 221 relate to controlled substances offenses and offenses involving marihuana, respectively, and CPL 410.91 sets forth the parameters for a sentence of parole supervision.  Notably, CPL 410.91 (4) was repealed as of April 7, 2009, prior to the effective date of CPL 216.00; that subdivision of CPL 410.91 had imposed a requirement that the People consent to a sentence of parole supervision for a specified offense that was a class D felony.  It appears that the reference to CPL 410.91 (4) was merely a

typographical error and that the legislature meant to cite CPL 410.91
(5), which lists the specified offenses (*see* Peter Preiser, Practice
Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 216.00, 2012
Cumulative Pocket Part at 69-70).  The specified offenses listed in
CPL 410.91 (5) include offenses such as burglary in the third degree
(Penal Law § 140.20) and criminal mischief in the second degree (§
145.10).

In Monroe County, Judge DeMarco arraigns all felony indictments
containing charges that are not expressly excluded by CPL 216.00 (1)
(a) or (b).  If Judge DeMarco determines that a defendant is eligible
for judicial diversion and the defendant wishes to participate in that
program, the case is transferred to Judge Schwartz, who monitors
compliance with the alcohol or substance abuse treatment.

III

Watford was charged by an indictment with four counts of
falsifying business records in the first degree (Penal Law § 175.10),
three counts of identify theft in the second degree (§ 190.79 [1]),
and one count of identify theft in the third degree (§ 190.78 [1]).
The People alleged that Watford, on various dates in 2010, assumed the
identities of four individuals in order to obtain cable services.
After arraignment, Judge DeMarco ordered Watford to undergo a
substance abuse evaluation over the People's objection.  Watford
thereafter moved for admission into judicial diversion, which the
People opposed.  On April 25, 2012, Judge DeMarco granted the motion
and allowed Watford to be admitted into judicial diversion (*People v
Watford*, 36 Misc 3d 456, 461-462).  Watford thereafter pleaded guilty
to the charges in the indictment and signed a judicial diversion
contract.  Watford was promised a misdemeanor conviction and a
sentence of no more than three years of probation if she successfully
completed judicial diversion.  In the event that Watford failed to
complete judicial diversion, she would be sentenced to an
indeterminate term no greater than 2 to 4 years' incarceration.
Watford's case was then transferred to Judge Schwartz to monitor her
compliance with her judicial diversion contract.

In May 2012, Watford was charged by a second indictment with
identity theft in the second degree (Penal Law § 190.79 [1]).  The
People alleged that "on or about and between" January 5 and 9, 2012,
Watford assumed the identity of another individual and obtained in
excess of $500.  After arraignment, Judge DeMarco on June 20, 2012
again allowed Watford into judicial diversion.  She pleaded guilty to
the charge and signed a judicial diversion contract with the same
terms as the prior contract.

Pugh was charged by an indictment with promoting prison
contraband in the first degree (Penal Law § 205.25 [1]), assault in
the third degree (§ 120.00 [1]), and petit larceny (§ 155.25).  The
People alleged that, on May 12, 2012, Pugh stole property from a
grocery store, caused physical injury to a security guard, and
knowingly and unlawfully introduced a cell phone into the Monroe
County Jail.  On August 8, 2012, Judge DeMarco accepted her into

judicial diversion for the reasons he had outlined in his decision in the Watford matter.  Pugh thereafter pleaded guilty to the charges and signed a judicial diversion contract.  If successful in judicial diversion, Pugh would receive a misdemeanor conviction and a sentence of three years' probation.  If unsuccessful, she would receive a sentence of one year in jail.

IV

Petitioner commenced this original proceeding/action on August 24, 2012 seeking, inter alia, (1) a judgment pursuant to CPLR 7803 (1), i.e., mandamus to compel, directing respondent judges to deny respondent defendants' participation in the judicial diversion program; (2) a judgment pursuant to CPLR 7803 (2), i.e., writ of prohibition, prohibiting respondent judges from allowing respondent defendants to participate in the judicial diversion program; and (3) a judgment pursuant to CPLR 3001 declaring that only defendants who meet the criteria of CPL 216.00 (1) are eligible for participation in the judicial diversion program.  Petitioner contended that respondent defendants were not eligible for judicial diversion because they did not meet the criteria of CPL 216.00 (1).

Respondent defendants submitted answers, in which they asserted that a determination that a defendant is eligible for judicial diversion is never a ministerial act, and always involves the exercise of the court's discretion; the respondent judges did not act in excess of their jurisdiction or authorized powers; and the outcome of each case is fact-specific.  Watford alleged as an affirmative defense that the proceeding/action was untimely.  Judge DeMarco submitted an answer and raised three objections:  the petition/complaint failed to state a claim; the claims were not the proper subject of a CPLR article 78 proceeding; and the proceeding/action was time-barred.  Judge Schwartz has elected not to appear.

V

Initially, we reject the timeliness objection.  Petitioner commenced this hybrid proceeding/declaratory judgment action pursuant to CPLR article 78 and CPLR 3001, respectively.  The statute of limitations for a proceeding seeking mandamus to compel is four months (*see* CPLR 217; *Town of Webster v Village of Webster*, 280 AD2d 931, 933-934), as it is for a proceeding seeking prohibition (*see* CPLR 217; *Matter of Holtzman v Marrus*, 74 NY2d 865, 866; *Matter of Holtzman v Goldman*, 71 NY2d 564, 568 n 1).  To determine the statute of limitations for a declaratory judgment action, we must "examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (*Solnick v Whalen*, 49 NY2d 224, 229; *see Bennett Rd. Sewer Co. v Town Bd. of Town of Camillus*, 243 AD2d 61, 66).  If the rights of the parties may be resolved in a different form of proceeding for which a specific limitations period applies, then we must use that period (*see Solnick*, 49 NY2d at 229-230).  As explained below, petitioner properly seeks a writ of prohibition, and thus that four-month statute of limitations also applies to the declaratory judgment action (*see Matter of Riverkeeper,*

*Inc. v Crotty*, 28 AD3d 957, 960; *see generally Walton v New York State Dept. of Correctional Servs.*, 8 NY3d 186, 194).

Judge DeMarco's decision granting Watford's motion for admission into judicial diversion on the first indictment was issued April 25, 2012, and his decision granting her admission into judicial diversion on the second indictment was made on June 20, 2012. His decision granting Pugh admission into judicial diversion was made on August 8, 2012. Petitioner commenced this original proceeding/action in this Court on August 24, 2012, which was within the four-month statute of limitations, and this proceeding/action is therefore timely.

VI

"[T]he remedy of mandamus is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (*Matter of Brusco v Braun*, 84 NY2d 674, 679; *see Matter of Maron v Silver*, 14 NY3d 230, 249, *rearg dismissed* 16 NY3d 736). A party seeking mandamus to compel "must have a clear legal right to the relief demanded and there must exist a corresponding nondiscretionary duty on the part of the [judge] to grant that relief" (*Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757; *see Matter of Harper v Angiolillo*, 89 NY2d 761, 765).

We conclude that the remedy of mandamus to compel is not appropriate here, and thus that part of the petition/complaint seeking that relief should be denied. The statutory scheme of CPL article 216 establishes that a court has discretion in determining whether to allow a defendant into the judicial diversion program. For example, CPL 216.05 (4) provides that when an authorized court determines "that an eligible defendant should be offered alcohol or substance abuse treatment . . . , an eligible defendant *may* be allowed to participate in the judicial diversion program offered by this article" (emphasis added). Inasmuch as a court's duties under CPL article 216 are not ministerial in nature, mandamus to compel does not apply.

VII

Because of its extraordinary nature, a writ of prohibition lies only where there is a clear legal right to that relief (*see Matter of Pirro v Angiolillo*, 89 NY2d 351, 356). Prohibition is available when "a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (*Holtzman*, 71 NY2d at 569; *see Pirro*, 89 NY2d at 355). Prohibition does not lie to correct trial errors; the difference between a trial error and an action in excess of the court's power is that the latter impacts the entire proceeding (*see Holtzman*, 71 NY2d at 569).

> "When a petitioner seeks relief in the nature of
> prohibition pursuant to CPLR 7803 (2), the court
> must make a two-tiered analysis. It must first

determine whether the issue presented is the type for which the remedy may be granted and, if it is, whether prohibition is warranted by the merits of the claim" (*id.* at 568).

Whether to grant prohibition is within the discretion of the court (*see Matter of Soares v Herrick*, 20 NY3d 139, 145; *Matter of Rush v Mordue*, 68 NY2d 348, 354).

Here, petitioner alleges that Judge DeMarco lacked the power to grant respondent defendants acceptance into judicial diversion and seeks to prohibit enforcement of his orders. Although the appealability or nonappealability of an issue is not dispositive (*see Holtzman*, 71 NY2d at 570), it is a factor to consider when determining whether prohibition is an appropriate remedy (*see Rush*, 68 NY2d at 354; *Matter of Doe v Connell*, 179 AD2d 196, 198). Here, the People are unable to appeal a judicial diversion eligibility determination (*see generally* CPL 450.20). Moreover, Judge DeMarco's determinations affected the entire proceedings inasmuch as respondent defendants were diverted from the normal criminal proceedings. We therefore conclude that petitioner has a clear legal right to the relief of prohibition.

We now consider whether Judge DeMarco acted in excess of his authorized powers in a matter over which he has jurisdiction. CPL 216.00 (1) provides as follows:

> " 'Eligible defendant' means any person who stands charged in an indictment or a superior court information with a class B, C, D or E felony offense defined in article two hundred twenty or two hundred twenty-one of the penal law or any other specified offense as defined in subdivision four of section 410.91 of this chapter, provided, however, a defendant is not an 'eligible defendant' if he or she:
>
> > "(a) within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, has previously been convicted of: (i) a violent felony offense as defined in section 70.02 of the penal law or (ii) any other offense for which a merit time allowance is not available pursuant to subparagraph (ii) of paragraph (d) of subdivision one of section eight hundred three of the correction law, or (iii) a class A felony offense defined in article two hundred twenty of the penal law; or
> >
> > "(b) has previously been adjudicated a second violent felony offender pursuant to section

> 70.04 of the penal law or a persistent
> violent felony offender pursuant to section
> 70.08 of the penal law.
>
> "A defendant who also stands charged with a
> violent felony offense as defined in section 70.02
> of the penal law or an offense for which merit
> time allowance is not available pursuant to
> subparagraph (ii) of paragraph (d) of subdivision
> one of section eight hundred three of the
> correction law for which the court must, upon the
> defendant's conviction thereof, sentence the
> defendant to incarceration in state prison is not
> an eligible defendant while such charges are
> pending.  A defendant who is excluded from the
> judicial diversion program pursuant to this
> paragraph or paragraph (a) or (b) of this
> subdivision may become an eligible defendant upon
> the prosecutor's consent."

Thus, the first paragraph of CPL 216.00 (1) lists who is an " '[e]ligible defendant' " for acceptance into judicial diversion.  It is undisputed that respondent defendants were not charged with any offenses under Penal Law §§ 220 or 221, or any specified offense in CPL 410.91.  In our opinion, that ends the inquiry, and respondent defendants are not eligible for judicial diversion.  It is well settled that " '[w]here the language of a statute is clear and unambiguous, courts must give effect to its plain meaning' " (*People v Kisina*, 14 NY3d 153, 158; *see People v Williams*, 19 NY3d 100, 103). Likewise, "statutory interpretation always begins with the words of the statute" (*People v Levy*, 15 NY3d 510, 515).

Despite the unambiguous language of the statute, Judge DeMarco chose to examine the nature and purpose of the statute and concluded that the proper interpretation of the statute was to permit respondent defendants entry into judicial diversion (*Watford*, 36 Misc 3d at 457-461).  Specifically, Judge DeMarco found that, because respondent defendants were not ineligible for judicial diversion pursuant to CPL 216.00 (1) (a) and (b), it was within his discretion to determine whether they were eligible for judicial diversion, even though they also did not qualify for that program pursuant to the criteria set forth in CPL 216.00 (1) and 410.91 (5) (*Watford*, 36 Misc 3d at 458). That was error.  " '[C]ourts must construe clear and unambiguous statutes as enacted and may not resort to interpretative contrivances to broaden the scope and application of the statutes' " (*People v Pagan*, 19 NY3d 368, 370).  "Because the clearest indicator of legislative intent is the statutory text . . . , and the text of [CPL 216.00 (1)] is clear and unambiguous with respect to the matter in question, we need not explore the legislative history behind that statute . . . in an attempt to discern a contrary intent" (*People v Skinner*, 94 AD3d 1516, 1518 [internal quotation marks omitted]).

Simply put, had the legislature intended all nonviolent offenders who committed crimes because of their drug addiction to be eligible

for judicial diversion, it could have easily so stated. "It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning . . . Courts cannot correct supposed errors, omissions or defects in legislation" (*Meltzer v Koenigsberg*, 302 NY 523, 525 [internal quotation marks omitted]).

Respondent defendants contend that the statute is ambiguous because it refers to CPL 410.91 (4), which was repealed at the time CPL 216.00 was enacted, and thus the statute must be interpreted by examining the purpose of the legislation. It is true, as pointed out earlier, that the statute contains what appears to be simply a typographical error. Instead of referring to CPL 410.91 (5), which lists specified offenses, it refers to CPL 410.91 (4), which as respondent defendants correctly note was repealed prior to the effective date of this statute. We conclude, however, that the defect does not render the statute ambiguous. Courts have uniformly interpreted the citation to CPL 410.91 (4) to be a citation to CPL 410.91 (5) (*see e.g. People v DeYoung*, 95 AD3d 71, 73; *People v Caster*, 33 Misc 3d 198, 200; *see also* Peter Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 216.00, 2012 Cumulative Pocket Part at 69-70).

Respondent defendants also object to a plain reading of the statute because such a reading would give prosecutors sweeping authority to indict individuals only for crimes that would render them ineligible for judicial diversion, and the intent of the legislature was to give courts the discretion to decide who should be allowed into judicial diversion. Judge DeMarco was also troubled by that prospect (*Watford*, 36 Misc 3d at 460 ["it is incomprehensible that the legislature intended to give prosecutors, rather than judges, the final say as to who gets considered for the program and who does not"]). It is well settled, however, that prosecutors have "broad discretion to decide what crimes to charge" (*People v Urbaez*, 10 NY3d 773, 775; *see People v Lawrence*, 81 AD3d 1326, 1326, *lv denied* 17 NY3d 797). There is no indication in this case that the prosecutor sought to indict respondent defendants with only non-eligible offenses. In any event, even if we disagreed with the People's exercise of discretion, that is not a basis for a court to "exceed its legal authority and base [its determination of] eligibility [for judicial diversion] upon an unindicted charge" (*Caster*, 33 Misc 3d at 204).

Thus, we conclude that, by refusing to comply with the plain language of CPL 216.00 (1), Judge DeMarco acted in excess of his authority in matters over which he has jurisdiction (*see Matter of Green v DeMarco*, 87 AD3d 15, 20; *Matter of Cosgrove v Ward*, 48 AD3d 1150, 1151).

VIII

Finally, we agree with petitioner that she is also entitled to declaratory relief (*see Green*, 87 AD3d at 20). "Although a declaratory judgment often revolves around a particular set of facts,

[t]he remedy is available in cases where a constitutional question is involved or the legality or meaning of a statute is in question and no question of fact is involved" (*Matter of Morgenthau v Erlbaum*, 59 NY2d 143, 150, *cert denied* 464 US 993 [internal quotation marks omitted]). Additionally, the "criminal court's ruling must have an obvious effect extending far beyond the matter pending before it so that it is likely that the issue will arise again with the same result in other cases" (*id.* at 152). Judge DeMarco relied on his decision in *Watford* in similarly determining that Pugh was entitled to judicial diversion even though she was not charged with an eligible offense. Thus, "it can be assumed that the issue presented here will recur in other prosecutions and that [Judge DeMarco] will decide the issue in the same way" (*Green*, 87 AD3d at 20).

IX

Accordingly, we conclude that those parts of the petition/complaint seeking relief in the nature of a writ of prohibition and declaratory relief should be granted and that part of the petition/complaint seeking relief in the nature of mandamus to compel should be denied. Consequently, respondent judges should be prohibited from granting respondent defendants' motions to be allowed to participate in judicial diversion, from accepting their guilty pleas and their judicial diversion contracts, and from taking any further action on respondent defendants' cases in judicial diversion. Further, a judgment should be entered declaring that respondent judges admit only those defendants meeting the criteria set forth in CPL 216.00 (1) into the judicial diversion program.

Entered:  March 22, 2013                          Frances E. Cafarell
                                                  Clerk of the Court