People v Coffie (2021 NY Slip Op 01884)





People v Coffie


2021 NY Slip Op 01884


Decided on March 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


28 KA 15-01986

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
QURAN L. COFFIE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered September 15, 2015. The judgment convicted defendant upon a jury verdict of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted on count one of the indictment.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). In appeal No. 2, defendant appeals from a judgment convicting him upon a jury verdict of two counts of attempted murder in the second degree (§§ 110.00, 125.25 [1]) and one count of attempted assault in the first degree (§§ 110.00, 120.10 [1]).
In appeal No. 1, we agree with defendant that Supreme Court erred in failing to hold a Huntley hearing before the start of trial. "When [a] motion [to suppress evidence] is made before trial, the trial may not be commenced until determination of the motion" (CPL 710.40 [3]; see People v Jackson, 221 AD2d 964, 964 [4th Dept 1995], lv denied 87 NY2d 903 [1995]; People v Blowe, 130 AD2d 668, 670 [2d Dept 1987]; see also Matter of Green v DeMarco, 87 AD3d 15, 17-18 [4th Dept 2011]). Here, defendant moved to suppress his statements to the police on the ground that they were involuntarily made (see CPL 710.20 [3]), but the court did not rule on the motion prior to trial and repeatedly refused to conduct a pretrial Huntley hearing, even after the People requested a Huntley hearing at the outset of the trial. Instead, the court granted the People's request for a Huntley hearing over defendant's objection after nine of the ten prosecution witnesses had already testified. Following that hearing, the court found the statements to be voluntary and thus admissible.
The error is not harmless. It is well established that, "unless the proof of the defendant's guilt, without reference to the error, is overwhelming, there is no occasion for consideration of any doctrine of harmless error" (People v Crimmins, 36 NY2d 230, 241 [1975]). Here, the evidence was not overwhelming (cf. People v Horn, 186 AD3d 1117, 1121 [4th Dept 2020], lv denied 36 NY3d 973 [2020]). The central factual question in this case was identity. The evidence of identity was that defendant was apprehended coming out of a building located on the block towards which the culprit had been seen running, he fit the description of the culprit, and he was identified by three eyewitnesses after a showup procedure. On the other hand, defendant did not have in his possession the fruits of the crime or the firearm used in the crime, nor was he dressed like the culprit. Moreover, showup identification procedures are inherently suggestive (see People v Ortiz, 90 NY2d 533, 537 [1997]; People v Miller, 191 AD3d 111, 116 [4th Dept 2020]), and the culprit had been wearing a partial face covering at the time of the crime, which further undermined the reliability of the identifications (see State v Henderson, 208 NJ 208, 266, [*2]27 A3d 872, 907 [2011]).
Therefore, we reverse the judgment in appeal No. 1 and grant defendant a new trial on count one of the indictment (see Blowe, 130 AD2d at 668).
In appeal No. 2, defendant contends that the conviction is based on legally insufficient evidence and that the verdict is against the weight of the evidence. We reject those contentions. There is a valid line of reasoning and permissible inferences that could lead a rational jury to find the elements of the crimes proved beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349 [2007]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we further conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reject defendant's further contention that the court failed to adequately inquire into his request for new counsel. Where a defendant makes a seemingly serious request for new counsel, the court must make some minimal inquiry to determine whether the claim is meritorious (see People v Sides, 75 NY2d 822, 825 [1990]). Where, however, a defendant states only conclusory allegations without providing factual details, he or she fails to make a seemingly serious request, and further inquiry is not required (see People v Porto, 16 NY3d 93, 100 [2010]; People v Thompson, 32 AD3d 743, 743 [1st Dept 2006], lv denied 9 NY3d 870 [2007]). Here, on the day trial was scheduled to begin, defendant stated that defense counsel was "fired" for "[l]ack of communication." We conclude that no further inquiry by the court was required because that complaint was not a " 'serious complaint[] about counsel' " (Porto, 16 NY3d at 100; see People v Jones, 149 AD3d 1576, 1577 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]). We note that the court had already presided over the trial that resulted in the judgment on appeal in appeal No. 1 and had the opportunity to observe defense counsel and his interactions with defendant throughout those proceedings.
We agree with defendant, however, that the sentence is unduly harsh and severe, and therefore we modify the judgment in appeal No. 2 as a matter of discretion in the interest of justice by directing that the sentences shall run concurrently with one another. Finally, we note that the certificate of conviction incorrectly reflects that defendant was sentenced to 3½ to 10 years' imprisonment on count one of the indictment, and it must therefore be amended to reflect that he was sentenced to 3&frac13; to 10 years for that conviction (see People v Correa, 145 AD3d 1640, 1641 [4th Dept 2016]).
Entered: March 26, 2021
Mark W. Bennett
Clerk of the Court