Matter of Shippens v Board of Educ. of City Sch. Dist. of City of Buffalo (2022 NY Slip Op 02904)

Matter of Shippens v Board of Educ. of City Sch. Dist. of City of Buffalo

2022 NY Slip Op 02904

Decided on April 29, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.

167 CA 21-01108

[*1]IN THE MATTER OF EVE SHIPPENS, AMY STEINER, JOHN P. SMITH, TIMOTHY LYON AND DONNA DELANO-KERR, PETITIONERS-APPELLANTS,
v
BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF BUFFALO, RESPONDENT-RESPONDENT. 

ROBERT T. REILLY, WILLIAMSVILLE (CLAIRE T. SELLERS OF COUNSEL), FOR PETITIONERS-APPELLANTS.
NATHANIEL J. KUZMA, GENERAL COUNSEL, BUFFALO (MARY B. SCARPINE OF COUNSEL), FOR RESPONDENT-RESPONDENT. 

 Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered January 22, 2021 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioners, who are teachers and professional staff employed by respondent, commenced this CPLR article 78 proceeding seeking, inter alia, mandamus to compel respondent to offer courses and sequences in the arts during the school day and equitably throughout the City School District of the City of Buffalo (District), in accordance with regulations promulgated by the New York State Commissioner of Education. Supreme Court dismissed the petition. Petitioners now appeal.
Contrary to petitioners' contention, the court properly determined that mandamus to compel does not lie. "A writ of mandamus is an extraordinary remedy that is available only in limited circumstances" (Alliance to End Chickens as Kaporos v New York City Police Dept., 32 NY3d 1091, 1093 [2018], cert denied — US &mdash, 139 S Ct 2651 [2019], reh denied — US &mdash, 140 S Ct 18 [2019] [internal quotation marks omitted]). The writ "is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (Matter of Brusco v Braun, 84 NY2d 674, 679 [1994]; see Matter of Maron v Silver, 14 NY3d 230, 249 [2010], rearg dismissed 16 NY3d 736 [2011]). Here, the regulations provide, in relevant part, that the District "shall offer students the opportunity to complete a three- or five-unit sequence in . . . the arts" (8 NYCRR 100.2 [h] [1]) and must provide that opportunity beginning in ninth grade (see 8 NYCRR 100.2 [h] [2]). While the regulations provide that the District must offer students the opportunity for an arts sequence, respondent may exercise discretion in how to do so (see generally Matter of Curry v New York State Educ. Dept., 163 AD3d 1327, 1330 [3d Dept 2018]). Therefore, because the actions that petitioners seek to compel are not ministerial in nature but discretionary, mandamus to compel does not apply (cf. Brusco, 84 NY2d at 680; see generally Matter of Doorley v DeMarco, 106 AD3d 27, 34 [4th Dept 2013]).
We have reviewed petitioners' remaining contentions and conclude that they are without merit.
Entered: April 29, 2022
Ann Dillon Flynn
Clerk of the Court