People v Mosher (2024 NY Slip Op 05744)

People v Mosher

2024 NY Slip Op 05744

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

815 KA 20-01046

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DOUGLAS J. MOSHER, DEFENDANT-APPELLANT. 

ERICKSON WEBB SCOLTON & HAJDU, LAKEWOOD (LYLE T. HAJDU OF COUNSEL), FOR DEFENDANT-APPELLANT.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 

 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered June 29, 2020. The judgment convicted defendant, upon a guilty plea, of criminal contempt in the first degree, criminal contempt in the second degree, and aggravated family offense (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of one count of criminal contempt in the second degree (Penal Law § 215.50 [3]), two counts of aggravated family offense (§ 240.75) and one count of criminal contempt in the first degree (§ 215.51 [b] [iv]), defendant contends that he was denied effective assistance of counsel based on defense counsel's failure to timely request judicial diversion to drug treatment court. We reject that contention.
"In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of [defense] counsel" (People v Price, 194 AD3d 1382, 1385 [4th Dept 2021], lv denied 37 NY3d 974 [2021] [internal quotation marks omitted]; see People v Ford, 86 NY2d 397, 404 [1995]). To establish ineffective assistance, a defendant must "demonstrate the absence of strategic or other legitimate explanations" for counsel's allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709 [1988]). Defendant failed to meet that burden inasmuch as he was not charged with an offense specified in CPL 216.00 (former [1]), and thus would not have been eligible for diversion (see Matter of Doorley v DeMarco,
106 AD3d 27, 36-37 [4th Dept 2013]), even if defense counsel had made the request in a timely manner (see generally CPL 216.05 [1]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court